## EQUITABLE TITLE IN FORCIBLE ENTRY AND DETAINER PROCEEDINGS.

[Common Pleas Court of Van Wert County.]

### J. E. SCHMIDT v. A. J. SCHMIDT ET AL.

Decided, June, 1903.

*Justice of the Peace—Review of Adjudication by—Forcible Entry and Detainer—Equitable Defense—Jurisdiction.*

In a forcible entry and detainer, or forcible detainer proceeding, an equitable title can not be availed of defensively, unless it is discernible from the averments of the complaint, or from the facts shown by the complainant at the trial.

MATHERS, J.

In this action plaintiff seeks the reformation and specific performance of an alleged lease of a store-room in the village of Ohio City, the quieting of title thereto, and an injunction against the execution of a writ of restitution awarded by a justice of the peace in favor of the defendants, and against the plaintiff, in an action of forcible entry and detainer heretofore prosecuted.

The defendants plead, by way of defense, that the matters and things set up in the petition are *res judicata,* having been submitted to a justice and a jury, in the action of forcible detention, and passed upon adversely to the plaintiff. They also deny the averments of fact in the petition upon which plaintiff predicates his claimed equities.

The petition herein plainly invokes the equity powers of this court by pleading facts and praying relief which a justice of the peace has no power to give. While this action may involve a review of the adjudication of the justice, yet there is no objection to such a proceeding, for Sec. 6601, Revised Statutes, expressly provides: "Judgments either before the justice or in the court of common pleas, under this chapter (Chap. 9, Title III, regulating forcible entry and detainer), shall not be a bar to any after action brought by either party." And in *Gladwell* v. *Hume,* 18 C. C., at

p. 848, the court reasons well on the practical independency of such a proceeding before a justice and such an action as the one at bar.

It may be interesting to inquire why Section 6601 should contemplate that a *defendant* in an action of forcible entry and detainer might desire to bring an "after action," for it expressly provides that judgment shall not be a bar to "any after action brought by *either* party." One reason is suggested by the questions involved in this very case at bar. If an equitable defense may be interposed in an action of forcible entry and detainer, it is difficult to see why the judgment of the justice, if free from errors of law, should not be conclusive. If, however, such a defense can not be interposed in such an action, it is readily seen why some "after action" might be necessary, on the part of the defendant, to secure his rights.

Can, then, an equitable defense be made in an action of forcible entry and detainer, or forcible detainer, in Ohio? An inquiry into the nature of this action, and the jurisdiction of justices of the peace in this state, is necessary to answer this question.

In *Rothwell.* v. *Winterstein,* 42 O. S., at page 250, it is said: "The action of forcible entry and detainer is special and statutory," and in *Carroll* v. *O'Conner,* 25 O. S., at page 617, it is said that this action "is intended to be a speedy and summary mode for the recovery, in the cases specified in the statute, of lands and tenements." As the right to *possession* of lands and tenements is the only right that can be enforced in this action (Swan's Treatise, 18th Ed., p. 569), and the right to possession is a *legal* right, as opposed to an equitable one, the action of forcible entry and detainer. or forcible detainer, is essentially a *legal action.* At common law, and under the practice in Ohio prior to the adoption of the Code of Civil Procedure, there could be no equitable defenses to legal actions, even in courts of general jurisdiction like the common pleas, much less in justices' courts. This is changed by the reform procedure, so far as the common pleas and the superior courts are concerned, and a defendant is now permitted (Section 5071), to set up in his answer as many grounds of defense, counter-claim, and set-off as he may have, whether they are such as has been heretofore denominated legal or equitable, or

both. But the reformed procedure, commonly called "the Code," does not govern proceedings before justices of the peace. There are special statutes regulating such proceedings (Title III, Part Third, of the Revised Statutes). As it is only by virtue of the express provisions of the Code that the distinctions between legal and equitable proceedings are abolished, and as the Code does not relate to proceedings before justices of the peace, it follows that the latter are unaffected by the reformed procedure, except where otherwise provided. By Section 6705, the provisions of the Code, which are in their nature applicable to the proceedings before justices, are made to apply to such proceedings. Judge Swan (Treatise, 18th Ed., p. 24), calls this provision a "blind guide," even to the legal profession, but reaches the conclusion that a justice of the peace has no equity powers for the reason that "the general jurisdiction of a justice, by the very terms of the statute, relates to the recovery of a sum of money, * * * and the bill of particulars, etc., mentioned in the justices' act, are all based upon common law proceedings and common law judgments for money," and says, "The provisions of the Code, therefore, in relation to equitable suits and chancery proceedings, * * * etc., are not 'in their nature applicable to the jurisdiction or to proceedings before justices of the peace.' " As the jurisdiction of justices is, in its nature, legal only, Section 6705 can not operate to enlarge that jurisdiction, nor to modify its character. That section can only mean that those provisions of the Code, which relate to legal proceedings, are applicable to proceedings before justices of the peace, because their jurisdiction is, in its nature, essentially legal in character.

But, while justices of the peace have no equity powers, i. e., power to grant equitable, as opposed to legal, relief, does it follow that they have no equity *perceptions?* That is to say, no ability to decide that the facts proved, in an action before them, show equities in one party or the other? It might be urged, with reason, that in an action of forcible detainer, which, though undoubtedly purely legal, a defendant is not seeking to invoke any equity power on the part of the justice, by setting up an equitable defense; that he only asks the justice to determine if, on the whole case and the law of the land as applicable to the facts as they really

are, the complainant ought to recover possession. Judge Swan, in the chapter on Forcible Entry and Detention (Treatise, 18th Ed., p. 576), says: "If the lease was not in writing, but a mere verbal contract, it is binding, on both parties, provided the tenant took possession under it, precisely as if it was executed according to the prescribed rules of the statute," and thus seems to imply that such a equitable defense is available in such an action. Let us see what the courts have decided on this question.

In *Carey* v. *Richards,* 4 W. L. M., 251, the court, in an exhaustive opinion and analytical review of the authorities, decided (1) that a justice of the peace has no equity jurisdiction or powers; (2) that a parol lease is not valid, at law, to create a term or title in the lessee; (3) that an action of forcible detainer does not involve the exercise of equity jurisdiction, but is a law proceeding; (4) that while part performance of a parol lease will take it out of the operation of the statute of frauds, yet such part performance has no such effect at law; (5) that in actions of forcible detainer, a tenant in possession, in pursuance of a verbal lease, can not defend under it, against his landlord, upon the ground that part performance makes it valid; and (6) that an equitable title can not be set up as a defense, before a justice of the peace, in an action of forcible detainer.

In *State, ex rel Powers,* v. *Paul,* 11 Bull., 234, it was held, by the District Court of Hamilton County, that "an equitable title can not be set up in forcible detainer proceedings before a justice of the peace, to divest him of his jurisdiction thereto, nor is proof thereof competent in such proceeding," citing *Carey* v. *Richards, supra,* and 46 Cal., 53. At the time of both these decisions quoted from, Sec. 6705, Revised Statutes, making the provisions of the Code applicable to proceedings before justices of the peace, was in force, and presumably they were decided in view of the provision of that section.

In *Finney* v. *Cist,* 34 Mo., 303 (84 American Decisions, 82), it was held:

"In an action of unlawful detainer before a justice of the peace, by a landlord against his tenant, any relief to which the tenant may, in equity, be entitled, can not be inquired into."

There is an apparent conflict of Ohio opinion on this question in *Gladwell* v. *Hume,* 18 C. C., 845, where, in the syllabus, it is said: "In an action of forcible detainer, an equitable title may be shown," and in *Dennis* v. *Hanson et al,* 12 C. C., 445, part of the syllabus of which reads as follows: "Where a lessee enters into possession of lands under a verbal lease for five years, and has occupied and cultivated them, and made improvements thereon, and paid the rent stipulated in the verbal agreeement, he can not be evicted by the lessor or his executors during such term, under a proceeding in forcible entry and detainer."

An examination of the opinions in these cases, however, shows that the syllabus quoted from *Gladwell* v. *Hume* is not supported by the decision; and that that of *Dennis* v. *Hudson* merely states the law applicable to that particular case, and the reasoning of the opinion necessarily limits it to actions of forcible detainer where the complaint discloses the equitable defense. In the former case (*Gladwell* v. *Hume*), the court predicated its opinion on this point, on what it had held in the latter case (*Dennis* v. *Hanson*), and in order to ascertain just what was decided, the two decisions must be considered together.

In *Gladwell* v. *Hume,* the court said:

"Whether, if the petition stated that Gladwell's right was an equitable right that he could not avail himself of in a court of law, it would be sufficient to justify the interposition of a court of equity in such a proceeding as that pending before the justice of the peace, may be questioned. It has been held in this court, in *Dennis* v. *Hanson,* 12 C. C., 445, that one may, in an action of forcible detainer, make use of an equitable title defensively."

The court here questions, but does not decide, whether or not the court of common pleas would be justified in interfering, in a forcible detainer action before a justice, on the ground that the defendant in that action had only an equitable title; and it intimates very strongly that such interposition would *not* be justified, because it had already been decided, in *Dennis* v. *Hanson,* that the defendant in forcible detainer may make use of an equitable title defensively. But with all due deference to the opinion of the able jurists who reached this conclusion, and with a desire to ascertain exactly what the law *is,* it may be respectfully inquired:

"What was really decided, on this point, in *Dennis* v. *Hanson?*" All that the court said upon it was this: "but he (the lessee) defended himself upon the facts as they appeared upon the complaint of the plaintiff, and upon the testimony submitted. We think he was entitled to protect himself against a proceeding for eviction—a proceeding by which it is sought to oust him—under facts which the executors themselves have set out in their complaint, and upon which they base their right to disturb him in his possession of the premises." The complaint in the forcible detainer action, there under consideration, set out that the defendant entered upon a verbal lease of the premises and that he had been in possession thereunder, and the evidence showed this to be true. So the circuit court merely in effect determined that, as the complainants admitted the equity of the defendant, they had failed to state or show facts entitling them to the relief demanded. The syllabus, therefore, is nothing more than an abstract statement of the conclusions of law applicable to the case, and can not be meant to state the rule applicable to all cases of forcible detainer, because the language of the opinion necessarily restricts the rule to those cases where the facts stated in the complaint, or adduced in evidence in support thereof, show defendant has an equitable title.

So *Dennis* v. *Hanson* did not decide any more than this: That if the complainants set out or prove facts showing, or which necessarily imply an equitable title in defendant, the latter may avail himself of it—not by reason of any equity jurisdiction of the justice, but as growing out of the case as made by complainants.

A forcible entry and detainer action before a justice of the peace, in Ohio, does not contemplate the filing of pleadings, any more than a replevin proceeding does (*Sanderson* v. *Pullman,* 11 Bull., 145). It is commenced by filing with the justice a complaint, which is, perhaps, in the nature of a bill of particulars, but no statement of his defense by the defendant is provided for, and the complaint seems to be all the document, in the nature of pleading, that is necessary. Thereafter the action proceeds to trial, and the justice to judgment, upon the evidence introduced—or the verdict, if a jury be impanneled; and, of course, the evidence must be pertinent to the issue to be tried, which is the right to

*possession* of the premises described in the complaint.   In *Powers v. Armstrong,* 36 O. S., 357, it was decided:

"1.   In an action under the Code for the recovery of real estate, whereof the legal title is in the plaintiff, a defense, grounded on an equitable title and right of possession under it in the defendant, must be pleaded.

"2.   In such case, where the answer contains a general denial of the plaintiff's title merely, it is error to admit testimony of such equitable estate in the defendant, and to charge the jury that such equitable estate, if duly proved, constitutes a defense to such action."

This is the rule under the Code, where the distinction between legal and equitable defenses are abolished so far as procedure is concerned.   And this is so, notwithstanding the provisions of Section 4948, requiring a liberal construction of all of Part Third of the Revised Statutes, in order to promote its object and assist the parties in obtaining justice.   If an equitable title must be pleaded, in proceedings under the Code where the distinction between legal and equitable defenses is *expressly* abolished, and it is error to admit evidence of such a title, where not pleaded, it would seem that in the statutory and legal action of forcible detainer, wherein no pleading in the nature of an answer is contemplated, it would be equally erroneous to admit evidence of equities showing title in defendant, upon the offer of the defendant, for the justice of the peace has no jurisdiction in equity whatever, and the cognizance of equities is as essentially of the nature of equity jurisdiction as is the granting of equitable relief.

In view of all the foregoing, it appears to this court that *Gladwell* v. *Hume* and *Dennis* v. *Hanson* do not overrule *Carey* v. *Richards* and *State, ex rel,* v. *Paul,* but only relax their strictness, and that the rule today is as follows:

In a forcible entry and detainer, or forcible detainer proceeding, an equitable title can not be availed of defensively, unless it is discernible from the averments of the complaint or from the facts shown by complainant on the trial.

This harmonizes all the decisions on the subject in Ohio that have come under the court's observation, as well as explains the inference before referred to from the text of Swan's Treatise, at

p. 576. That text must be understood to mean that a parol lease may be availed of defensively, if shown by the complaint, or evidence pertinent to its averments, and not otherwise.

This conclusion may seem fine spun and technical, and contrary to the spirit of the reformed procedure. But the court sits here to determine what the law *is*—not what it ought to be. *That* is a question for the Legislature.

The complaint in the action of forcible detainer before Justice Bergfelt neither avers nor suggests any equitable title in the defendant in that action; consequently he could not set it up, and the reasoning and decision in *Carey* v. *Richards,* 4 W. L. M., 251, is applicable. The fact that he did set it up; and the further fact, if it be a fact, that both complainant and defendant submitted the controversy, with this element in it, to the judgment of the justice, could not give him jurisdiction, for jurisdiction of the subject-matter of an action can only arise by operation of law, and not by consent of parties.

The court finds, on the issues joined, for the plaintiff, decrees specific performance of the contract, and perpetually enjoins the defendants from causing execution of the writ awarded them by Henry J. Bergfelt, J. P., and adjudges the costs against the defendants.

*C. S. Mauk* and *Saltzgaber & Hoke,* for the plaintiff.

*Horace A. Reeve* and *J. D. Lindemann,* for the defendants.