[No. 12077.    Department Two. — August 18, 1887.]

## J. C. SMITH, RESPONDENT, *v.* CITY OF STOCKTON, APPELLANT.

NEW TRIAL — PROPOSED STATEMENT — AMENDMENT OF. — A proposed statement on motion for a new trial, which embodies the evidence but fails to contain a specification of the particulars wherein it is alleged to be insufficient to sustain the verdict, prior to its settlement by the judge, may be amended by the insertion of such specifications at any reasonable time after its proposal. In such a case the limitation of six months on the power of the court to grant amendments, as provided in section 473 of the Code of Civil Procedure, does not apply.

APPEAL from an order of the Superior Court of San Joaquin County amending a proposed statement on motion for a new trial.

The defendant recovered judgment in the court below, which was entered on the 8th of July, 1884. On the 17th of July, 1884, the plaintiff duly filed and served notice of intention to move for a new trial, and on the 25th of June, 1885, filed in court his proposed statement, which had been prepared and served on counsel for the defendant within the time stipulated for by them. The statement as proposed contained no specification of particulars of any kind, and was not settled or certified to by the trial judge. On the 6th of November, 1886, the plaintiff moved to amend the proposed statement by adding thereto specifications of the particulars wherein he claimed the evidence was insufficient to justify the verdict. The court subsequently granted the motion. The further facts are stated in the opinion.

*Frank H. Smith,* and *J. H. Budd,* for Appellant.

*Louttit, Woods & Levinsky,* for Respondent.

Foote, C. — This is an appeal from an order made after final judgment, allowing the plaintiff to amend his statement on motion for a new trial.

It will be perceived that when the motion was made to incorporate in the proposed statement a specification of particulars, wherein the evidence was alleged to be insufficient to sustain the verdict of the jury, that the certificate of the judge who tried the cause that said statement had been settled had not been attached thereto, and that said statement had never been settled or certified to at all. Hence the proceeding which the plaintiff was seeking to have amended had not been taken or completed in a legal sense, so as to be susceptible of having applied to it the statutory limit of six months, under section 473 of the Code of Civil Procedure. (Hayne on New Trial, sec. 160, p. 479.)

The statement as proposed contained the evidence which it was contended did not sustain the verdict; therefore the specification of the particulars of its insufficiency for that purpose might properly be made. (Hayne on New Trial, sec. 160, p. 477.)

There was no preparation of a new statement. It was an attempt to complete that which would have otherwise been invalid, and before the statutory period of limitation of six months had begun to run, and that was allowable under the section of the Code of Civil Procedure, *supra,* if done within a reasonable time, to be determined by a proper legal discretion, which we think was duly exercised by the trial court, considering all the circumstances surrounding the matter under discussion.

The order should therefore be affirmed.

Belcher, C. C., and Hayne, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order is affirmed.