[No. 12243. In Bank. — September 27, 1887.]

T. W. PENDERGRASS, ADMINISTRATOR, ETC., OF GEORGE T. THORNTON, DECEASED, PETITIONER, v. W. W. CROSS, JUDGE, ETC., RESPONDENT.

PRACTICE — NEW TRIAL — SETTLEMENT OF STATEMENT — TIME FOR PRESENTATION OF — ADOPTION OF AMENDMENTS. — Where a proposed statement on motion for a new trial is served on the attorney of the adverse party within the time limited by law, and the proposed amendments thereto are adopted by the moving party, the statement as amended may be presented to the judge or delivered to the clerk for settlement within any reasonable time thereafter. Under such circumstances, subdivision 3 of section 659 of the Code of Civil Procedure does not limit the time within which to present the statement for settlement.

APPLICATION for a writ of mandate to the Superior Court of Tulare County. The facts are stated in the opinion of the court.

*Sidney V. Smith,* for Petitioner.

*Brown & Daggett,* for Respondent.

The COURT.— A judgment for defendant was entered in an action, wherein the petitioner was plaintiff, and one Burris was defendant. The plaintiff in that action gave notice of intention to move for a new trial, and served on defendant's attorney a draught statement of the case. Within statutory time the defendant served amendments to the statement, which were adopted by the plaintiff. We say the amendments were adopted, because the plaintiff did not indicate his non-adoption of them by serving notice that the statement and amendments would be presented to the judge for settlement, as prescribed in Code

of Civil Procedure, section 659. The plaintiff, having adopted the amendments, delivered the statement as amended to the clerk, for the judge, to be settled (the judge being absent from the county); after the expiration of the time within which the statement and amendments must (upon notice) have been presented to the judge for settlement, or delivered to the clerk for the judge, had the amendments not been adopted by the plaintiff. The petitioner now prays that the judge be ordered by mandate to settle and certify the statement, the judge having refused to settle it.

Code of Civil Procedure, subdivision 3, section 659, does not limit the time within which a statement as amended — when the amendments are adopted by the moving party — shall be presented to the judge, or delivered to the clerk for settlement. It may be done in a reasonable time. The superior judge, as appears from his answer herein, decided that the time was reasonable, provided the law permits a statement as amended, where the amendments are adopted, to be presented for settlement or to be delivered to the clerk, for the judge, after the time within which the statement and amendments must be presented to the judge or delivered to the clerk, in cases where the amendments are not agreed to; but that the moving party had neglected "to pursue the proper steps to have said statement settled within the time required by law." The judge having so held that the statement was delivered to the clerk within a reasonable time, it was his duty to settle and certify the statement.

Let the writ issue.

McKINSTRY, J., expressed no opinion.