[L. A. No. 343.    Department One.—December 18, 1897.]

WILLIAM D. WHIPPLE, Respondent, v. EMILY B. HOP-
KINS et al., Appellants.

APPEAL—REVIEW OF ORDER DENYING NEW TRIAL—AFFIDAVITS NOT IDENTIFIED.
Affidavits of newly discovered evidence printed in the transcript
upon appeal, but not identified as having been the affidavits used
upon the motion for a new trial, nor shown to have been filed in the
court below, cannot be considered by this court upon appeal from
the order denying a new trial.

ID.—BILL OF EXCEPTIONS—PROPER REFUSAL OF SETTLEMENT—FAILURE TO
COMPLY WITH STATUTE.—Where the party proposing a bill of exceptions
refuses to adopt the amendments, and fails to present the same for
settlement within the time limited by section 650 of the Code of
Civil Procedure, without offering any excuse therefor, the court
is justified in refusing to settle the bill when subsequently presented
for settlement.

ID.—ORDER REFUSING TO SETTLE BILL OF EXCEPTIONS NOT REVIEWABLE UPON
APPEAL—MANDAMUS.—If a judge improperly refuses to settle a bill of ex-
ceptions, he may be compelled to act by writ of mandate, but his
refusal to act is not an appealable order, and cannot be reviewed
upon appeal from an order of the court denying a new trial, which
must be determined upon the same record as that presented in the
court below.

APPEAL from a judgment of the Superior Court of San
Diego County and from an order denying a new trial. E. S.
Torrance, Judge.

The facts are stated in the opinion of the court.

Parrish & Mossholder, and W. T. Phipps, for Appellants.

J. B. Mannix, for Respondent.

THE COURT.—Action to quiet title. The plaintiff had
judgment, and the defendant, Horace A. Mayhew and Mary J.
Mayhew, appeal from the judgment, and also from an order de-
nying their motion for a new trial.

No point is made upon the appeal from the judgment. The
complaint is sufficient, and the facts found support the judg-
ment. The motion for a new trial was heard, as the order deny-
ing the motion recites, upon affidavits of newly discovered evi-
dence. Affidavits are printed in the transcript, but they are
in no way identified as having been the affidavits used upon the
hearing of the motion, nor does the transcript show that they
were even filed in the court below. That they cannot be consid-
ered by this court has often been decided. It is true that the
court in its order denying the motion refers to affidavits, but not
in such a way as to identify these as the affidavits referred to.
(*Fish v. Benson*, 71 Cal. 431.)

The defendants have also appealed from an order refusing to
settle a bill of exceptions. After the decision upon the trial the
defendants served upon the plaintiff their proposed bill of ex-
ceptions February 28, 1896, to which on March 18, 1896, the
plaintiff proposed certain amendments. No action was taken
by the defendants for the purpose of having the bill settled un-
til August 21, 1896, when they gave notice that they would ask
the court to disallow the amendments and settle the bill as pro--

posed by them. Upon the objection of the plaintiff, the court refused to settle the bill, upon the ground that the defendants did not, within ten days after the service on them of the proposed amendment, present it with the amendments for settlement, as required by section 659 of the Code of Civil Procedure, or offer any excuse for not so doing. As the defendants refused to adopt the amendments, they were required under section 650 of the Code of Civil Procedure, within ten days after receiving the proposed amendments, to present them with the proposed bill to the judge who tried the case, for settlement, upon five days' notice to the opposite party, and the failure to do so justified the court in refusing to settle the bill. (*Henry v. Merguire*, 106 Cal. 142.) In *Pendergrass v. Cross*, 73 Cal. 475, the moving party adopted the proposed amendments, and there was no occasion to give to the opposite party any notice of settlement.

Although this action of the court has been discussed in the briefs of the respective counsel, we do not wish to be considered as holding that the order is appealable. If a judge improperly refuses to settle a proposed bill of exceptions, he may be compelled to act by a writ of mandate, as was done in the case of *Pendergrass v. Cross, supra*, but his refusal to act is not an order which may be reviewed on appeal. The impropriety of the practice is seen by a consideration of the record in the present appeal. The court, in passing upon the motion for a new trial, could not consider any of the matters set forth in the proposed bill, and, as the appeal from its order denying a new trial must be determined upon the same record as that presented in the court below, this court is equally precluded from looking into the proposed bill. The action of the court in reference to the settlement of the bill is subsequent to the trial of the cause, and, of course, cannot be a ground for granting or denying the motion for a new trial. As the superior court denied the motion for a new trial, a reversal of its order refusing to settle the bill would leave no function for it to perform. There can be only one motion for a new trial in a cause, and, as that was brought to a hearing and decided by the court before the bill of exceptions was settled, and without any objection on that ground from the moving party, any subsequent action by the court for the purpose of settling the bill would be futile.

The appeal from the order refusing to settle the bill of exceptions is dismissed, and the judgment and order denying a new trial are affirmed.