(February 9, 1901.)

## MILLER v. HUNT.

### [63 Pac. 803.]

SETTLEMENT OF STATEMENT—TIME IN WHICH STATEMENT MAY BE SETTLED WHERE NO AMENDMENTS ARE PROPOSED.—When a proposed statement, on motion for a new trial, is served on the adverse party within the statutory time, and no amendments thereto are proposed by the adverse party, the statement as proposed may be presented to the judge or delivered to the clerk for settlement within any reasonable time thereafter. Under such circumstances subdivision 3 of section 4441 of the Revised Statutes does not limit the time within which to present the statement for settlement

(Syllabus by the court.)

APPEAL from District Court, Idaho County.

James De Haven and McDuffie & Griffith, for Appellant.

The order refusing to settle the statement was made after final judgment, and is therefore appealable. (*Calderwood v. Peyser,* 42 Cal. 111; *Clark v. Crane,* 57 Cal. 630; Hayne on New Trial and Appeal, sec. 146.) Where no amendments are served, or if served are adopted, subdivision 3 of section 4441 does not limit the time within which to present the statement for settlement. (*Pendergrass v. Cross,* 73 Cal. 475, 15 Pac. 63; *Houghton v.*

*Superior Court,* 128 Cal. 352, 60 Pac. 973.)     The course followed by the learned judge in this case was vigorously condemned by Justice Sanderson in the case of *Quivy v. Gambert,* 32 Cal. 309.

George W. Goode, for Respondent.

There is in the transcript no sufficient identification of the papers used.     (*Miller v. Baie,* 56 Cal. 135; *Nash v. Harris,* 57 Cal. 242; *Strathern v. Daken,* 63 Cal. 478; *Walsh v. Hutchings,* 60 Cal. 228.)     An order refusing to settle a statement is not an appealable order under our practice.     Now, what is the practice in this state?     Presumably, up to 1893 it followed that of California, but in 1893 this court revised and amended its rules, and among these rules we find rule 12, which was not heretofore one of the rules of the court.     That rule provides: "If any judge . . . . neglects or refuses to settle and allow a bill of exceptions or statement in accordance with the facts within thirty days after the same is fully submitted to him, the party aggrieved may apply by petition to this court or one of the judges thereof to approve the same."     This rule completely supersedes the California practice, and undoubtedly so intended, and in the language of defendant's counsel in his brief in this case: "The rule was wisely adopted, as we think, to save litigants from the uncertainty that has prevailed in the state of California, and is a beneficent one."     (*Aultman, Taylor & Co. v. Wilcox.*)

STOCKSLAGER, J.—This is an appeal from two orders made after final judgment, one refusing to settle a statement on motion for new trial, and the other refusing to relieve the appellant from said order refusing to settle said statement.     The following facts appear from the record: The said cause was tried by a jury on the twenty-third day of May, 1900, and a verdict was returned against the defendant.     On the second day of June, 1900, a notice of intention to move for a new trial was filed with the clerk and served on the plaintiff, and on the eleventh day of June, 1900, a statement on motion for a new trial was served on the plaintiff, and no amendments were ever proposed. On the tenth day of October, 1900, the defendant served notice

that he would move the court to settle said statement. This motion was taken up, by consent of the parties, on the twelfth day of October, 1900; also an objection to the settlement of said statement, filed on behalf of the plaintiff, which said statement and objection were taken under advisement. On the sixteenth day of October, 1900, the judge of said court filed the following order: "At this time plaintiff, by counsel, filed objections to said statement being settled, and, after hearing the argument of counsel, I find that the defendant has been guilty of negligence and laches in not having presented said statement to the clerk of said court, or the judge thereof, within a reasonable time after the service thereof, and that there is no excuse offered or claimed for such neglect. Therefore the objections of plaintiff are hereby sustained, and the settlements of said statement disallowed." The affidavit of counsel for defendant filed November 5, 1900, among other things, says that there was no term of court in Idaho county between the 11th of June (the day on which he served statement on plaintiff) and the eighth day of October, 1900, and that the district judge was not in said county, to his knowledge, between said dates; that Lewiston is the nearest county seat to Grangeville, where he might reach the judge and settle his statement—that being seventy miles by nearest route, and about one hundred miles by rail and stage.

It will be seen by the foregoing statement of the facts that we are called upon to construe section 4441 of our statute, which in part says the party intending to move for a new trial must, within ten days after the verdict of the jury, if the action was tried by a jury, or after notice of the decision of the court, etc., file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court, or a bill of exceptions, or the statement of the case. Subdivision 3 of this section provides that, if the motion is to be made on a statement of the case, the moving party must within ten days after service of the notice, or such further time as the court in which the action is pending, or the judge thereof, may allow, prepare a draft of the statement, and serve the same, or a copy

thereof, upon the adverse party. All these steps seem to have been taken within the statutory time, and the reasons assigned by the court in refusing to settle the statement were that the defendant had not been diligent in the prosecution of his appeal, or the settlement of his statement, rather. The supreme court of California, in the case of *Pendergrass v. Cross,* 73 Cal. 475, 15 Pac. 63, in construing a statute from which ours is taken, says: "Where a proposed statement on motion for a new trial is served on the attorney of the adverse party within the time limited by law, and the proposed amendments thereto are adopted by the moving party, the statement, as amended, may be presented to the judge or delivered to the clerk for settlement within any reasonable time thereafter. Under such circumstances subdivision 3 of section 659 of the Code of Civil Procedure does not limit the time within which to present the statement for settlement." We quote from the syllabus, which is fully borne out by the opinion. In the case at bar the statement was served within the statutory time, and, no amendments being proposed, it clearly falls within this rule. Under the provisions of section 4231 of our statute the statement should have been settled. We also believe, under the California authorities, that appellant should be permitted to amend his statement by inserting the specifications of the particulars wherein he claims the evidence is insufficient to support the verdict. (*Smith v. City of Stockton,* 73 Cal. 204, 14 Pac. 675.) We are unable to see how the substantial rights of the plaintiff would have been affected by the settlement of the statement in this case at the time it was presented for settlement. This is especially true when we consider that the record shows that counsel for the plaintiff presented his statement for settlement within four days after the district judge returned to Idaho county, being the first time he had been there after the adjournment of his court at the term in which this case was tried. The orders of the court refusing to settle the statement and refusing to grant relief are reversed, and the case remanded, with orders to settle said statement.

Quarles, C. J., and Sullivan, J., concur.