. [L. A. No. 1574. In Bank.—April 12, 1904.]

LUCILLE D. GAY, Petitioner, v. E. S. TORRANCE, Judge of Superior Court of San Diego County, Respondent.

BILL OF EXCEPTIONS—SETTLEMENT OF AMENDMENTS—TIME FOR PRESENTATION.—If amendments to a proposed bill of exceptions are not accepted, the moving party may, within ten days after service thereof, either present the bill and amendments to the judge for settlement upon five days' notice, or present them to the clerk for the judge without notice; but if the amendments are accepted, the limitation of ten days after service does not apply, and they may be presented to the judge within a reasonable time.

ID.—ATTEMPTS AT AGREEMENT — FINAL ACCEPTANCE — REASONABLE TIME—MANDAMUS.—Where attempts were had at agreement upon

very numerous amendments to the proposed bill which progressed at several agreed meetings, after agreed adjournments, leaving a few amendments unagreed to, and within four days after the last agreed meeting the moving party attached to the proposed amendments a written allowance of all of them, and they were presented to the clerk for the judge on the same day, and to the judge on the following day, who fixed a time for settlement, upon notice, and upon objection of the adverse party refused to settle the bill, the bill and amendments were presented within a reasonable time under the circumstances, and a writ of mandate will issue to compel the judge to settle the bill.

ID.—INTERVENTION BY DEFENDANT TO ACTION—MODE OF STATING OBJECTIONS.—Upon an application by the plaintiff in an action in the superior court for a writ of mandate to the judge of the superior court to compel the settlement of his proposed bill of exceptions, the defendant in such action will not be permitted to intervene to urge additional objections to those interposed by the judge as respondent to the application; but he will not be precluded from stating his special objections where the bill of exceptions is settled in obedience to the writ, and having the same incorporated with evidence in support thereof, according to the usual practice in such cases.

APPLICATION to the Supreme Court for a Writ of Mandate to compel the settlement of a bill of exceptions by the Judge of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Victor E. Shaw, and Valentine & Newby, for Petitioner.

Hunsaker & Britt, for Respondent.

BEATTY, C. J.—The respondent as judge of the superior court rendered a judgment against the petitioner in an action for divorce in which she was the plaintiff. In due time she proposed a bill of exceptions to be used in support of her motion for a new trial. On the 18th of February, 1904, and within the time allowed by order of the court, the defendant in the action served four hundred and seventeen proposed amendments to the proposed bill. The 28th of February falling on Sunday, the time allowed plaintiff for presentation of her proposed bill and the proposed amendments to the clerk for the judge (Code Civ. Proc., sec. 650) did not expire until

the close of the 29th. On that day the attorneys for the respective parties met by appointment for the purpose of considering the said proposed amendments, with the view of facilitating the settlement of the bill. At this meeting a large number of the proposed amendments were consented to by plaintiff's attorney, and a smaller number objected to or left in suspense. For the purpose of reaching a conclusion as to the withdrawal or modification of these last the conference was adjourned, and on the 3d of March, no agreement having been reached as to a small number of the proposed amendments, plaintiff's attorney served on defendant's attorney a notice as follows:—

"You are hereby notified that the plaintiff adopts and accepts the following amendments to plaintiff's proposed bill of exceptions, to wit: Those numbered as follows: 1, 2, 4, 5, 8, etc." (380 numbers). "Many of the proposed amendments, the numbers of which are omitted from the above list, I am satisfied we can agree upon, as some of them need correction."

Upon the same day, March 3d, the attorneys of the respective parties resumed the consideration of the remaining amendments, with the result that plaintiff's attorney failed to express his consent to the allowance of about twenty-seven of them, and on his copy left standing the words "No" and "Disallowed," as written in the margin opposite to some of said amendments. On the 7th of March plaintiff's attorney handed to the clerk the paper containing the proposed amendments, with the request that he deliver them together with the proposed bill to the judge for settlement. Attached to said proposed amendments was a statement, dated March 7, 1904, to the effect that the plaintiff allowed all of the said amendments. The next morning—March 8th—plaintiff's attorney stated to the judge in open court that in his absence he had on the day before left with the clerk the proposed amendments to the proposed bill in the case of Lucile D. Gay *v.* John H. Gay; that through oversight and excusable neglect he had failed to present them in time, but that he had adopted all the amendments as shown by a statement thereto attached, and he then asked the judge to settle the bill so that it might be engrossed. On the afternoon of the same day the clerk delivered the papers to the judge, who thereupon appointed

the eighteenth day of March as the time for settling the bill, and required notice of the order to be served on the defendant. On the day so appointed the parties appeared before the judge, and the defendant's attorneys objected to any settlement of the bill upon the ground, among others, that the bill and amendments had not been presented for settlement within the time allowed by law. All the facts above recited, and others which we deem immaterial, were shown to the judge at this time, and plaintiff's attorneys expressly disclaimed any purpose of applying for relief under section 473 of the Code of Civil Procedure, their sole contention being, that they had a legal right to the settlement of the bill because their failure to present the bill and amendments to the judge for settlement within ten days after service of the amendments and upon five days' notice to defendant, or to deliver them to the clerk for the judge within that time, must be deemed or treated as equivalent in law to an acceptance of all the amendments, in which case the only limitation of time for presentation of the papers is a reasonable time. (Code Civ. Proc., sec. 650; *Pendergrass* v. *Cross,* 73 Cal. 475.)

The judge sustained defendant's objection and refused to settle the bill; whereupon the plaintiff (petitioner herein) gave notice of this motion for a peremptory writ of mandate, requiring the respondent to settle and certify the bill, to be used in support of her motion—still pending—for a new trial.

Preliminary to the hearing of the motion John H. Gay, the defendant in the divorce case, asked leave to intervene by demurrer to the petition, and by answer setting up facts additional to those alleged by respondent as the ground of his refusal to settle the bill.

This application to intervene was denied upon the ground that it was not necessary for the protection of the defendant's rights, and because of the inconvenience of a practice requiring this court to give up its time to the trial of issues of fact not essential to the disposition of the motions and proceedings properly before us. The defendant in the divorce suit, not being a party to this proceeding, is not precluded from stating any special objections he may have to the settlement of the bill when the matter is taken up by the respondent in obedience to our writ. He will then be in precisely the same

position in which he was on the day originally appointed for the settlement, and can have all his special objections, together with such evidence as he may offer in their support, incorporated in a bill of exceptions, according to the usual practice in such cases, which will bring the whole matter before us for review when we come to consider the appeal.

Upon the admitted facts of the case, as gathered from the petition and the answer of the respondent, we think the writ should issue as prayed. When amendments to a proposed bill of exceptions are served the moving party has three courses open to him. If he is unwilling to adopt the proposed amendments, he may present them with the bill to the judge for settlement within ten days after service and upon five days' notice to the opposite party, or, without notice, he may deliver them to the clerk for the judge, who upon receiving them from the clerk will designate a time for the settlement, and cause notice thereof to be given to the parties. If the amendments are allowed, the bill and amendments may be presented to the judge or referee without notice within a reasonable time. (Code Civ. Proc., sec. 650; *Pendergrass* v. *Cross,* 73 Cal. 475; *Black* v. *Hilliker,* 130 Cal. 190; *Houghton* v. *Superior Court,* 128 Cal. 352.) In this case, if it can be said, in view of the facts stated, that the plaintiff *allowed* all the amendments substantially in conformity with the intention of the statute, she certainly presented the bill and amendments to the judge within a reasonable time. Except for the voluntary participation of defendant's attorney in the attempt to agree upon the amendments on the 29th of February, plaintiff might, and no doubt would, then have delivered the papers to the clerk for the judge. Having nearly reached an agreement at that time, the adjournment of the conference to the 3d of March, for the purpose of agreeing, if possible, upon the few remaining amendments, must be regarded as equivalent to a tacit understanding that they too would be allowed, except in so far as the defendant might consent to withdraw or modify them; for this adjournment necessarily involved the relinquishment by plaintiff of her right under the statute to demand of the judge any consideration of her objections to the amendments. She was placed in the position of being compelled to allow them or abandon her effort to obtain a settlement of the bill. All the circumstances showed, and it was

plain to the defendant, that she had no intention of abandoning the proceeding, and his attorneys having consented to a course of action which compelled her to allow the remaining amendments, if they refused to withdraw or modify them, he cannot now take the position that she could not bring herself within the rule of the cases above cited, by allowing, after the lapse of the statutory ten days, amendments which she had theretofore been endeavoring to induce him to withdraw or modify. And for the same reason (the pendency of the negotiation looking to this end) it is clear that the delay of four or five days after the 3d of March in presenting the papers to the judge, with notice of the acceptance of the amendments, was not an unreasonable delay. It did not materially protract the proceeding, and was justified by the apparent failure of defendant to give notice of his refusal to resume the effort to agree upon the amendments that had been left in suspense.

These and other circumstances distinguish the case broadly from the case of *Whipple* v. *Hopkins,* 119 Cal. 351, which is cited by respondent as sustaining his refusal to settle the bill.

It is ordered that a peremptory writ of mandate issue as prayed.

Angellotti, J., Van Dyke, J., Shaw, J., Lorigan, J., and Henshaw, J., concurred.