[Civ. No. 3250.   Second Appellate District, Division One.—January 12, 1920.]

McCLELLAN B. HIESTAND et al., Petitioners, v. Z. B. WEST, Judge of the Superior Court of Orange County, Respondent.

[1] BILL OF EXCEPTIONS—CONTEST OF AMENDMENTS—FAILURE TO PRESENT FOR SETTLEMENT WITHIN TIME—RIGHT TO SETTLEMENT LOST.· Where appellants do not consent to proposed amendments to their proposed bill of exceptions and fail to present the proposed bill and amendments within the ten days prescribed by section 650 of the Code of Civil Procedure, they are not entitled to have the bill of exceptions settled, notwithstanding they thereafter accept and consent to the proposed amendments.

PROCEEDING in Mandamus to compel the settlement of a bill of exceptions. Writ denied.

The facts are stated in the opinion of the court.

William J. O'Brien for Petitioners.

Eden & Koepsel for Respondent.

CONREY, P. J.—Application for writ of mandate to compel respondent judge to settle and certify a bill of exceptions.

The procedure authorized for the purpose of obtaining a bill of exceptions is prescribed by section 650 of the Code of Civil Procedure. It is provided that within ten days after a proposed bill has been by one party served upon the adverse party, the latter may, within ten days, propose amendments and serve the same, or a copy thereof, upon the other party. "The proposed bill and amendments must, within ten days thereafter be presented by the party seeking the settlement of the bill, to the judge who tried or heard the case, upon five days' notice to the adverse party, or be delivered to the clerk of the court for the judge. . . . When received from the clerk, the judge must designate the time at which he will settle the bill, and the clerk must immediately notify the parties of such designation. . . . If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge, . . . for settlement without notice to the adverse party."

[1] In a certain action of Snearly et al. against these petitioners, judgment was entered in favor of the plaintiffs. Thereafter the defendants presented their motion for a new trial, which motion was denied on the eleventh day of July, 1919. On the twenty-first day of July, 1919, defendants' attorney served upon plaintiffs' attorneys a copy of a proposed bill of exceptions. On the thirtieth day of July, 1919, plaintiffs' attorneys duly served upon defendants' attorney their proposed amendments to said proposed bill of exceptions. Defendants' attorney did not, within ten days thereafter, present the proposed bill and amendments to the judge or deliver the same to the clerk for the judge.

It is true that he did, on the twenty-first day of July, deliver his proposed bill of exceptions to the county clerk at his office, and requested the clerk to give it to the judge, but he never at any time left the proposed amendments with the clerk and he did not present them to the judge except as hereinafter stated. On the fourth day of September, 1919, defendants' attorney gave notice to plaintiffs' attorneys that the proposed bill and amendments would be presented to the judge on the twelfth day of September, 1919, at 1:30 o'clock P. M. At that time defendants' attorney presented to the judge the said proposed amendments and the judge then and there had with him the said proposed bill which theretofore had been filed with the clerk. At that time the plaintiffs' attorneys objected to the settlement of the bill for the reason that the defendants did not, within ten days after the service on them of said proposed amendments, present the bill with the proposed amendments as required by law.

The facts above stated clearly show that the proposed bill and amendments, if the amendments were not adopted, were not presented within the time limited by the code, and those facts are sufficient to justify the judge in his refusal to settle the bill if the amendments were contested. Certain additional facts appear, however, which affect the right of petitioners to have the bill settled and certified. In considering these facts it is to be understood that petitioners expressly disclaim that they have sought to be relieved from default under the provisions of section 473 of the Code of Civil Procedure, but they rely directly upon their claimed right and contend that they were not in default. Some of the facts are in dispute. The evidence is in the form of affidavits, including the verified petition and the verified answer. It is stipulated that we may determine the facts from these sworn statements. The additional facts, as we find them to exist, are as follows: On the eighth day of August, 1919, which was within ten days after service of the proposed amendments, Mr. O'Brien, defendants' attorney, and Mr. Eden, one of plaintiffs' attorneys, orally agreed that they would go to the judge to have the bill settled. They found the judge presiding in the court, and Mr. Eden departed without waiting until they could be heard. After the departure of Mr. Eden, defendants' attorney stated to

the judge "that as to all but one or two of the proposed amendments, they were undoubtedly all right, and that he had no notes to show whether the one or two about which he was in doubt should be incorporated in the bill of exceptions, but that *if* the notes of the said trial judge, or those of the plaintiffs' attorneys, showed that the testimony was given, he could settle the bill in accordance with plaintiffs' proposed amendments." Thereafter defendants' attorney, having received from the judge a letter calling attention to the provisions of section 650 of the Code of Civil Procedure, gave the notice to which we have referred, that the proposed bill and amendments would be presented on the twelfth day of September. The petition herein further alleges, and the affidavit of Mr. O'Brien states that at said hearing of September 12, 1919, and upon the presentation of Mr. Eden's objections to the settlement of the bill, defendants' attorney "then orally accepted each and all and every of plaintiffs' proposed amendments." This statement is denied by Judge West, who says that the sole question discussed related to the right claimed by Mr. O'Brien to have the bill settled, and Mr. Eden's objections thereto. The judge then took the proceeding under submission and requested the respective attorneys to present authorities bearing on the objections made. On the fifteenth day of September defendants' attorney mailed to the clerk his points and authorities and a written acceptance and allowance of each and all of the proposed amendments. The latter was filed by the clerk on the sixteenth day of September. On the sixteenth day of September the court entered an order declining to settle the bill. At the time when this order was made, and until the fifteenth day of October, when petitioners again demanded that he settle the bill, Judge West did not know that said written acceptance of the amendments had been received or filed. Upon the conflicting evidence above noted, we find that the alleged oral acceptance of the amendments on September 12th was not proved. Giving equal credit to the good faith of the witnesses, we think that the statement of Judge West is more consistent than is the opposing statement, with the conduct of Mr. O'Brien down to that time. By the statement made to the judge by Mr. O'Brien on August 8th, to which we have referred, it was necessarily implied that at that time

he was opposing the allowance of some of the proposed amendments. His presentation of the bill and amendments on September 12th was made upon notice to the other party, presumably for the purpose of giving them an opportunity to defend their amendments. Since then, as we find the fact to be, the defendants did not adopt the amendments and bring such adoption to the attention of the judge until after the matter had been submitted and the court had made its order declining to settle the bill, it was then too late for them to face about and adopt the amendments.

We have given due consideration to the cases cited, including *Pendergrass* v. *Cross,* 73 Cal. 475, [15 Pac. 63], and *Gay* v. *Torrance,* 143 Cal. 14, [76 Pac. 717]. In *Pendergrass* v. *Cross* the party proposing the statement, having adopted the amendments, presented the statement and amendments for settlement, after the expiration of ten days from the time of service of the amendments, without having indicated, at any time, any opposition to the amendments. The court, therefore, assumed that the amendments were adopted without contest, and held that the statement and amendments were presented within a reasonable time, and that the ten-day limit did not apply to the case. In *Gay* v. *Torrance,* the time for presentation of the bill and amendments, if contested, would have expired on the twenty-ninth day of February, 1904. At that time, and for some days thereafter, counsel for the parties plaintiff and defendant were engaged in conference on the amendments, for the purpose of endeavoring to agree upon them without a contest before the court. On the seventh day of March the attorney for the party proposing the bill of exceptions delivered the bill and amendments to the clerk for the judge, with a statement attached thereto, adopting all of the proposed amendments. The supreme court held, in substance, that "the plaintiff allowed all the amendments substantially in conformity with the intention of the statute," and that the bill and amendments were presented within a reasonable time, which, under the circumstances, was within due time. The case at bar, upon the facts here appearing, differs essentially from the cases above mentioned, in that here the parties proposing the bill were opposing the allowance of the amendments at and for some time after the expiration of the ten days allowed for presentation of a

contested bill for settlement, and were so insisting upon their opposition, without any understanding, like that in *Gay* v. *Torrance,* where, as the court found, there was a pending negotiation for settlement and a tacit understanding between counsel that the amendments ''would be allowed, except in so far as the defendant might consent to withdraw or modify them.''

The alternative writ is discharged and the application for peremptory writ is denied.

Shaw, J., and James, J., concurred.