## THE PEOPLE v. LOUIS KAHL.

WHERE, after conviction of defendant for murder, his counsel refused to prepare a statement or bill of exceptions, without payment of a fee, and defendant, after the statutory time for preparing such statement, presented a statement to the District Judge to be settled and signed, alleging, as his excuse for not preparing it within the time fixed by the statute, his inability to pay the counsel fee demanded, and the Judge refused to settle and sign the statement because the statutory time had elapsed : *Held*, that the District Judge ought always to relieve parties situated as the defendant is from any omission of counsel in the preparation of papers for the Appellate Court, where no fault is imputable to them, and application for relief is made immediately after discovery of the neglect or omission ; but that in all such cases it must appear that there are reasonable grounds for the appeal taken, and that it is not intended merely for delay.

*Held further*, in this case—application for *mandamus* to compel the District Judge to settle and sign the statement—that as the papers presented on the application do not contain a copy of the statement proposed, without an inspection of which this Court cannot determine whether any errors in the action of the Court below are alleged, which are entitled to consideration, and as the papers do not show that application was made to the Judge below for time to prepare the statement immediately after the refusal of counsel to act, *mandamus* must be denied.

APPLICATION for *Mandamus.*

The facts appear in the opinion of the Court.

*Coffroth & Spaulding* and *J. H. Stewart*, for the Writ.

*Thomas H. Williams, Attorney General*, Contra.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is a motion for a *mandamus* to be directed to the District Judge of the Sixth District, to compel him to settle and sign the statement or bill of exceptions presented by the appellant. The statement was not prepared within the statutory time, and the refusal of the District Judge to act upon the same was based upon that fact. The excuse offered by the appellant for the delay was the refusal of his counsel to prepare and file the statement without the payment of a fee for services in the matter, and his inability to pay the fee required. The statement which the appellant seeks to have settled and signed was filed over fifty days after the trial. The District Judge should always be ready to relieve parties situated as the defendant is—under a conviction of murder—from any omission of counsel in the preparation of the papers for the Appellate Court, where no fault is imputable to them, and application for relief is made immediately after a discovery of the neglect or omission. But in all such cases it must appear that there are reasonable grounds for the appeal taken, and that it is not intended merely for delay. The papers presented to us on the present application do not contain a copy of the statement proposed, and we cannot, without its inspection, determine whether any errors in the action of the Court below are alleged, which are entitled to any consideration whatever. Nor do the papers show that application was made to the Judge for time to prepare the statement immediately after the refusal of the counsel to act in the matter.

Motion denied.