[No. 10,036.]

## PEOPLE *v.* DICKSON.

MANDAMUS TO COMPEL SETTLEMENT OF EXCEPTIONS.—The record on application for mandamus to require a Judge of an inferior Court to settle a bill of exceptions, must enable the Supreme Court to determine whether, if settled and signed, the bill of exceptions would tend to manifest error committed at the trial.

APPLICATION to the Supreme Court for a writ of mandate.

The petitioner was convicted of grand larceny in the Municipal Criminal Court of the City and County of San Francisco, and his counsel, desiring to take an appeal, applied to the Judge of the Court to settle and sign a bill of exceptions. The Judge declined to do so, the time for taking it having expired. The petitioner then made the application for mandamus to require him to settle and sign it.

*H. E. McBride, for Petitioner.*

*John L. Love, Attorney General,* for Respondents.

By the COURT:

The bill of exceptions which the prisoner desires the Court below to certify, is not contained in the record nor shown to us upon this application for a writ of mandamus against the Judge. In its absence we are unable to determine whether it would, if settled and signed, tend to manifest any error committed at the trial. (*People* v. *Lee*, 14 Cal. 510; *People* v. *Kohl*, 18 Cal. 432.)

Motion denied.