[S. F. No. 3980. In Bank.—October 18, 1904.]

## LUCILE D. GAY, Petitioner, v. E. S. TORRANCE, Judge of the Superior Court of San Diego County, Respondent.

NEW TRIAL—IRREGULARITY IN PROCEEDINGS OF COURT—MISCONDUCT OF JUDGE—AFFIDAVITS.—Personal misconduct on the part of the judge having under advisement a case tried in his court of such a nature that the substantial rights of the party against whom the case is decided have been materially affected thereby, constitutes an "irregularity in the proceedings of the court," for which a new trial may be granted, under subdivision 1 of section 657 of the Code of Civil Procedure, if established by competent affidavits.

ID.—RIGHTS OF MOVING PARTY AS TO AFFIDAVITS—REPLY TO COUNTER-AFFIDAVITS—CONSIDERATION BY COURT.—The party moving for a new trial on the ground of "irregularity in the proceedings of the court which prevented a fair trial," is entitled to file and serve not only competent original affidavits tending to establish the same, but also reply affidavits to new matter in counter-affidavits, and is of course entitled to have all competent affidavits considered by the court upon the hearing of the motion.

ID.—IMPROPER ORDER STRIKING OUT AFFIDAVITS—APPEAL—BILL OF EXCEPTIONS—ACTION OF COURT.—The trial court is not justified in striking out any competent affidavits filed and served upon the motion. An order purporting to do so after final judgment is appealable; and the appellant is entitled to a bill of exceptions embodying any competent counter-affidavits stricken out.

ID.— MANDAMUS — SETTLEMENT OF EXCEPTIONS — DISCRETION.— The granting of the writ of *mandamus* is not a matter of right, but a matter largely within the discretion of the court. The writ will not issue where it would be of no benefit to the applicant, or if he does not establish his right to the relief sought. But the discretion of the court to grant or refuse the writ is not arbitrary, but is to be exercised in accordance with the established rules of law, in order to prevent a failure of justice. It would be an abuse of discretion to refuse the writ to one who has a substantial right to protect or enforce which may be accomplished thereby, and for which there is no other plain, speedy, or adequate remedy in the ordinary course of law.

ID.—AFFIDAVIT UPON INFORMATION AND BELIEF PROPERLY STRICKEN OUT —DEMAND TOO BROAD—REFUSAL OF MANDATE.—An affidavit filed by an attorney for the moving party, assailing the judge for misconduct solely upon information and belief, is unavailing for any purpose, and it was properly stricken out as scandalous. Where the demand which was the basis of the petition for the writ of mandate was, that such affidavit be included with others in the bill of exceptions, it was too broad; and the alternative writ of man-

date, having been awarded for a purpose partly proper and partly improper, will be discharged, and a peremptory writ will be refused on that ground.

PETITION for Writ of Mandate to a Judge of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

·Victor E. Shaw, and Valentine & Newby, for Petitioner.

Oscar A. Trippet, L. L. Boone, and W. C. Van Fleet, for Respondent.

ANGELLOTTI, J.—The petitioner, Lucile D. Gay, is the plaintiff in an action for divorce pending in the superior court of the county of San Diego. The defendant therein, John H. Gay, having filed an answer and cross-complaint, the action was tried, and an interlocutory judgment was rendered, declaring that the defendant, John H. Gay, was entitled to a divorce on his cross-complaint. Subsequently, petitioner served and filed her notice of intention to move for a new trial upon various grounds, including ''irregularities in the proceedings of the court which prevented plaintiff from having a fair trial.'' The notice stated that the motion would be made upon affidavits and upon a bill of exceptions.

Subsequently, petitioner served her proposed bill of exceptions and affidavits, and filed the affidavits with the clerk of the court. Among the affidavits so served and filed, were two devoted to the attempt to show irregularities in the proceedings of the court—viz., those of Willia Hosmon and Nathan Newby. The defendant in the action in due time served and filed counter-affidavits upon the question as to irregularities of the court, and subsequently petitioner served and left with the clerk for filing certain reply affidavits.

Subsequently, the trial court, upon the motion of defendant in said action, upon the grounds, among others, that one of the affidavits was made solely on information and belief, and that the matters contained in all said affidavits were useless, immaterial, impertinent, and scandalous, consisting of offensive personalities and scandalous charges against the judge who tried the cause, made an order striking from the files the affidavits of Nathan Newby and Willia Hosmon and

CXLV. Cal.—10

the reply affidavits of Sallie Jones and Willia Hosmon. On motion of defendant, a further order was made, striking from the files the counter-affidavits upon the ground that it would be improper to permit the same to remain on file after the affidavits to which they relate had been stricken out.

The petitioner proposed a bill of exceptions to be used on appeals from the orders striking out the affidavits, and amendments were proposed thereto, and thereafter an engrossed bill was presented to respondent for authentication, whereupon respondent refused to allow or to certify said bill of exceptions. Subsequently petitioner perfected her appeal to this court from the orders striking out the affidavits.

The foregoing facts appear from the petition, which, for the purposes of the demurrer thereto, must be taken as true.

Petitioner asks for a writ of mandate, commanding respondent to forthwith settle and certify the bill of exceptions *containing the affidavits stricken out,* to be used upon the appeals from the orders striking out said affidavits, and for a writ of prohibition restraining respondent from hearing her motion for a new trial pending the hearing in this court of such appeals. An alternative writ was issued requiring respondent to settle and certify said bill of exceptions containing said affidavits or show cause why he had not so done.

The sufficiency of the petition to justify the relief sought is challenged by a motion to strike out the petition and by a demurrer.

The alleged irregularities in the proceedings of the court to which the affidavits in question referred were alleged acts and conduct of the judge between the time of the submission of the case for decision, on October 7, 1903, and the time of the rendition of the decision, October 29, 1903, constituting, it is claimed, misconduct of such a nature and to such an extent as to render the granting of a new trial necessary or proper, under subdivision 1 of section 657 of the Code of Civil Procedure. That section provides that a new trial may be granted "for any of the following causes, materially affecting the substantial rights of such party: 1. Irregularity in the proceedings of the court, jury, or adverse party. . . ." So far as a motion for a new trial is based upon such a ground, it must be made upon affidavits (Code Civ. Proc., sec. 658), and the moving party is of course entitled to have such compe-

tent affidavits as are material to the motion and are seasonably served and filed considered upon the hearing of the motion for a new trial. A trial court would not be justified in striking any such affidavits from the files of the court, and an order purporting to so do, being a special order made after final judgment, would be appealable under subdivision 3 of section 939 of the Code of Civil Procedure. (*Gay* v. *Torrance*, 143 Cal. 14.) Upon an appeal from such an order, the aggrieved party is entitled to a bill of exceptions presenting the proceedings and rulings of the lower court in such shape that the action of such court may be reviewed by the appellate tribunal. Ordinarily, upon such an appeal the affidavits stricken out would necessarily constitute the most material part of such a bill of exceptions. So far as the strict letter of the law is concerned, there can be no doubt that the petitioner is entitled, upon her appeal from the orders striking out certain affidavits, to a bill of exceptions containing such affidavits.

It is true, as contended by learned counsel for respondent, that the granting of the writ of *mandamus* is not a matter of right, but is a matter largely within the discretion of the court. By this, however, it is not meant that the court may arbitrarily grant or refuse the writ. The discretion is to be exercised in accordance with the established rules of law, *in order to prevent a failure of justice.*

As a court will not do a vain or fruitless thing, or, as was said by Chancellor Kent in *Trustees etc.* v. *Nicoll*, 3 John. 598, "A court will not undertake to exercise power but when they exercise it to some purpose" (see *Boyne* v. *Ryan*, 100 Cal. 265, 267), it is laid down as a rule of law that the writ of mandate will not issue where it would be of no benefit to the applicant (Merrill on Mandamus, sec. 75; High on Extraordinary Legal Remedies, secs. 9, 10), that a mere abstract right, unattended by any substantial benefit to the relator, will not be enforced by *mandamus* (19 Am. & Eng. Ency. of Law, 2d ed., p. 758), and that where the relator has no right to the relief which it is his ultimate object to obtain, the writ should not be issued. (19 Am. & Eng. Ency. of Law, 2d ed., p. 754.) This rule has been applied by this court on several occasions. (See *People* v. *Kahl*, 18 Cal. 432; *People* v. *Dickson*, 46 Cal. 53; *Clark* v. *Crane*, 57 Cal. 629.)

But where one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy, and adequate remedy in the ordinary course of law, he is entitled as a matter of right to the writ, or, in other words, it would be an abuse of discretion to refuse it.

A party aggrieved is entitled to move for a new trial upon the ground of irregularity in the proceedings of the court materially affecting his substantial rights; he is entitled to present and file affidavits in support of such ground; he is entitled to have such affidavits, so far as they may be competent and material, considered upon the hearing of the motion *by the trial court,* and he is entitled to the judgment of *such trial court* as to the truth of the material allegations contained in the affidavits and the effect thereof upon his rights. His right to have his affidavits, so far as they are competent and material, considered by the trial court, and his right to have the judgment of the trial court upon all material questions of fact concerning which there is any conflict in the affidavits, cannot be said to be mere abstract rights, unattended by any substantial benefit. They are rights guaranteed by the law to every party prosecuting a motion for a new trial, and no court can say in advance of the action of the trial court on such motion that the ultimate decision thereon will not be in favor of the moving party. So far, therefore, as the affidavits presented by petitioner on the motion for a new trial were competent and material upon the question as to whether a new trial should be granted for irregularities in the proceedings of the court, it could not properly be said in response to an application for a writ of mandate having for its ultimate object the consideration by the trial court of such affidavits upon the motion for a new trial, that the writ could be refused upon the ground that the granting of such a writ is a matter largely within the discretion of the court to which the application is made.

We are not prepared to assent to the contention of learned counsel for respondent to the effect that personal misconduct on the part of the judge of a court having under advisement a case tried in his court cannot be an "irregularity in the proceedings of the court" for which a new trial may be granted under subdivision 1 of section 657 of the Code of

Civil Procedure.  It must be acknowledged that the mis-
conduct of a judge under such circumstances may be of such
a nature as to make it apparent that the substantial rights of
a party have been materially affected thereby,—as, for in-
stance, where it is made to appear that he has received a
bribe from one of the parties to the cause, or has so con-
ducted himself with reference to a party to the cause as to
show that he cannot well act toward such party without
favoritism, or has so impaired his mental powers by the use
of intoxicants that while engaged in the actual disposition of
the cause he was incapable of properly exercising his judg-
ment thereon.  As has been said, it would shock the judicial
instinct and be a reproach to our system if a decision rendered
under such circumstances could not for that reason be set
aside, and yet, if the contention of respondent in this behalf
be well founded, there would be no substantial remedy for the
aggrieved party.  There is no other ground for a new trial
which could by the utmost liberality of construction be held to
cover such a case.  But we are of the opinion that it would be
an exceedingly narrow and technical construction that would
exclude such a case from the operation of subdivision 1 of
section 657 of the Code of Civil Procedure.  It was said by
Mr. Hayne in his work on New Trial and Appeal that it is
impossible to answer with precision the question ''What is an
irregularity of the court?'' except that by that term is meant
some conduct of the court other than orders and rulings, and
that no accurate classification of things which are irregular is
possible.  Mr. Spelling, in his recent work on New Trial and
Appeal, regards any overt act of the trial court violative of
the right of a party to a fair and impartial trial, amounting
to misconduct, as an irregularity, and says: ''Courts of re-
view treat misconduct of trial courts as irregularity.''  (Sec.
32.)  In *Woods* v. *Jensen,* 130 Cal. 200, 205, it was said by
this court that this ground for a new trial is intended to refer
to matters which appellant cannot fully present by exceptions
taken during the progress of the trial, and which must there-
fore appear by affidavits.  The language of the statute is suffi-
ciently broad to include any departure by the court from the
due and orderly method of disposition of an action by which
the substantial rights of a party have been materially affected,
where such departure is not evidenced by a ruling or order

that may be made the subject of an exception. It may of course be freely conceded that the "personal habits, conduct, deportment, or statements of the judge,'' having no relation to or effect on the disposition of the cause, are not the proper subject of complaint upon a motion for a new trial. The question always is as to whether the acts were of such a nature, and done under such circumstances, as to afford reasonable grounds for the conclusion that by reason thereof the defeated party has not had a fair and impartial trial. Where they are of this kind, we are satisfied that they afford the basis for a motion for new trial under subdivision 1 of section 657 of the Code of Civil Procedure. The opinion of the supreme court of Montana in the case of *Finlen* v. *Heinze*, 28 Mont. 548, 571, is instructive upon this subject, and is in full accord with our views. Most of the cases cited by counsel for respondent upon the definition of an irregularity are cases in which the term "irregularity" was used in contradistinction to jurisdictional defects.

It would serve no useful purpose to here enter into an analysis of the affidavit made by Willia Hosmon, presented on behalf of petitioner. It is sufficient to say that, after a careful consideration thereof, we are not prepared to say that if the trial court, after a full consideration thereof, and of the counter-affidavits presented in reply thereto and the subsequent reply affidavits presented on behalf of petitioner, should grant a new trial on the ground of irregularities in the proceedings of the court, we should feel warranted in disturbing the order. (In saying this we do not wish to be understood as intimating that the trial court should grant a new trial on this ground upon the showing made.) We cannot, however, upon this application determine any conflict in the evidence upon the question of irregularities in the proceedings of the court. That is a matter upon which petitioner is entitled to a determination by the trial court.

As to the affidavit of Mr. Newby, one of petitioner's attorneys, presented in support of the motion, a different question is presented. So far as it can possibly be claimed to be material, it was entirely made on "information and belief," nothing material to the question of irregularities being therein stated as a fact within the knowledge of the deponent. Unless this affidavit constituted competent evidence upon the

question of irregularities, it was purely scandalous matter
assailing the judge of the court, and serving no useful pur-
pose, and it was not only the right but the duty of the court to
strike the same from its records.  If, therefore, it is clear to
us upon this proceeding, that the affidavit cannot be consid-
ered upon the motion for a new trial, and consequently that
petitioner cannot ultimately have any substantial benefit
therefrom, we undoubtedly would be justified in refusing to
compel the respondent to make such purely scandalous and
immaterial matter a permanent record of his court, by in-
corporating the same in a bill of exceptions.

Such a situation would not only present a case for the
application of the rule already alluded to as to the discretion
of the court in the matter of an application for a writ of
mandate, but would imperatively require the application of
such rule; for it certainly is not consistent with the efficient
administration of the law by the courts that scandalous
charges against a judge of a court, not materially affecting
an issue before such court, should be allowed to be made a
permanent record thereof.  Such a practice should be toler-
ated, as was said in effect in *People* v. *Albany etc. R. R. Co.,*
39 How. Prac. 60, only where absolutely necessary for the
proper protection of a party to a cause.

If it should be assumed that the matters set forth on infor-
mation and belief in the affidavit of Mr. Newby constituted
irregularities in the proceedings of the court which would
warrant the granting of a new trial by the trial court (which
we do not concede), we are satisfied that such affidavit can-
not be considered competent evidence as to these matters.

Ordinarily, an affidavit made solely on information and
belief is unavailing for any purpose.  The statute allows such
affidavits for certain prescribed purposes,—as, for instance, in
the verification of pleadings,—but there is no statutory pro-
vision authorizing such an affidavit in a case like the one at
bar.  The subject-matter of certain applications—as, for in-
stance, an application for a continuance upon the ground of
the absence of witnesses—is of such a nature that, from the
necessities of the case, the showing as to what the absent wit-
ness will testify to must ordinarily be made by the moving
party upon information and belief, and the statute upon the
subject so recognizes.  (Code Civ. Proc., sec. 595.)    But

where one is testifying as to something that has transpired he can ordinarily testify only as to those facts which he knows of his own knowledge (Code Civ. Proc., sec. 1845.), and it is immaterial in this connection whether his testimony is taken by affidavit, deposition, or oral examination.

Where a statute provides that the evidence upon a certain question must be presented by affidavit it simply means that the competent and material testimony must be presented by the affidavits of the witnesses. If the statute authorized the taking of the testimony on a motion for new trial by oral examination, we apprehend that it would not be contended that Mr. Newby could have given purely hearsay testimony. Information and belief affidavits in cases where misconduct of the jury has been urged as ground for a new trial have been held by this court to be insufficient. In *People* v. *Findley,* 132 Cal. 301, 303, it was said: "It is equally clear that defendant's affidavit as to the misconduct of the jury, based as it is solely on information and belief, is entitled to no weight. There was no competent or proper evidence of misconduct of the jury laid before the court." (See, also, *People* v. *Tarm Poi,* 86 Cal. 225, 231; *People* v. *Williams,* 24 Cal. 31, 40.)

We cannot see that the reasons stated in the affidavit for the making of the same on information and belief—viz., that the persons who knew the facts had refused to make affidavit —can alter the situation. It still remains that there is "no competent or proper evidence" contained therein, and if petitioner is unable to procure competent evidence as to the alleged irregularities she cannot establish the same. It follows that this court will not require the respondent to make such affidavit a permanent record of his court.

So far as the counter-affidavits are applicable to the issues raised by the affidavit of Willia Hosmon, they are undoubtedly competent and material evidence to which both parties are entitled on the motion for new trial, and we are satisfied that a party moving for a new trial upon affidavits is entitled to present reply affidavits as to new matters set up in the counter-affidavits.

The petitioner not being entitled to a bill of exceptions containing the affidavit of Mr. Newby, she must necessarily fail upon this application.

The demand made upon respondent by petitioner was, that he should allow and certify a certain proposed bill of exceptions containing all of the affidavits stricken out. The application to this court is for a writ requiring respondent to forthwith settle and certify ''the bill of exceptions containing said affidavits,'' and the alternative writ required him to ''settle and certify said bill of exceptions containing said affidavits,'' or show cause why he has not so done. It is well settled that a petitioner for a writ of mandate is concluded by the terms of the alternative writ, and that where the alternative writ is awarded for a purpose partly proper and partly improper, the court will not enforce it by a peremptory *mandamus* as to that which is proper, but will give judgment for the respondent. It is incumbent upon the petitioner in such a proceeding to establish his right to the performance of the very act or acts commanded by the alternative writ, and unless he so does he must fail entirely. (High on Extraordinary Legal Remedies, secs. 539, 548.)

Petitioner is entitled to a bill of exceptions to be used upon her appeal from the orders striking out the affidavits, containing such affidavits as may be competent and material upon the question as to whether a new trial should be granted on the ground of irregularities in the proceedings of the court.

We have herein given our views as to what affidavits should receive the consideration of the trial court upon the motion for a new trial. Such affidavits should, of course, remain on the files of the court, and an order striking them from the files would necessarily, upon an appeal duly taken and regularly prosecuted, be reversed. The restoration of such affidavits to the files of the court would make unnecessary the further prosecution of the appeals taken by the petitioner. If such restoration be not so made, doubtless the trial court will, upon demand, settle and certify a bill of exceptions containing such material and competent affidavits as may be necessary for the proper disposition of such appeals. Those suggestions herein made which are not necessary to a disposition of the present application for a writ of mandate, are made with a view to facilitate the disposition of the motion for a new trial in the court below, and to obviate the necessity of applications and appeals to this court having for their

object the making of a proper record for the consideration of the trial court upon the motion for a new trial.

The alternative writ of mandate heretofore issued is discharged and the application for a peremptory writ of mandate is denied.

Shaw, J., Van Dyke, J., Henshaw, J., Lorigan, J., Beatty, C. J., concurred.

McFARLAND, J., concurring.—I concur in the judgment and in what is said in the opinion of Mr. Justice Angellotti, to the point that a court will not grant a writ of mandate where it would be doing a vain thing of no benefit to the applicant, and also in what is said about the affidavit of Newby. But, in my opinion, there is nothing in the affidavits of Willia Hosmon and other affidavits filed by petitioner that by any proper construction can be considered as constituting, or tending in any way to show, an "irregularity in the *proceedings of the court,*" within the meaning of subdivision 1 of section 657 of the Code of Civil Procedure.