[No. 46. First Appellate District.—September 15, 1905.]

## MARIA PELEGRINELLI et al., Appellants, v. McCLOUD RIVER LUMBER COMPANY, Respondent.

Judgment by Default—Vacation—Excusable Neglect—Discretion. —An order vacating a judgment suffered by default on the ground of the excusable neglect of the defendant is addressed to the discretion of the court, and will not be disturbed where no abuse of discretion appears. The discretion of the court is best exercised when it tends to bring about a judgment on the merits of the controversy between the parties.

Id.—Plaintiffs not Injured.—Where a proper affidavit of merits was shown, and an answer tendered with an offer of a speedy trial on the merits, and the plaintiffs made no claim that they would suffer any loss or injury by reason of the setting aside of the default, or that they would be deprived of any right by an early trial of the cause, and the order was made upon terms, the terms must be deemed an ample compensation to them for inconvenience and delay in being put to a second hearing of the case.

Affidavit upon Information and Belief.—Though the code authorizes allegations of a pleader to be made upon information and belief, an affidavit which is to be used as evidence must be positive and direct, and facts purporting to be stated therein upon information and belief are not to be considered.

APPEAL from an order of the Superior Court of the City and County of San Francisco vacating a judgment by default. John Hunt, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, and Theodore J. Roche, for Appellant.

E. S. Pillsbury, and Pillsbury, Madison & Sutro, for Respondent.

HARRISON, P. J.—Judgment in favor of the plaintiffs was rendered herein upon the default of the defendant for failure to answer the complaint. Upon the motion of the defendant the court made an order setting aside the default and judgment upon the payment by the defendant to the plaintiffs of one hundred and fifty dollars within ten days from the date of the order. From this order the plaintiffs have appealed.

The defendant is a corporation engaged in operating a lumber-mill in Siskiyou County, and the present action is to recover damages sustained by the plaintiffs as the personal representatives of one Amateo Pelegrinelli by reason of his death in May, 1900, alleged to have resulted from the negligence of the defendant. The action was commenced February 6, 1902, and the default of the defendant for want of appearance was entered February 25th, and judgment thereon was rendered March 17, 1902. The motion to set aside the default was noticed March 25th, and on March 28th the court made the above order.

In *Nicoll* v. *Weldon,* 130 Cal. 666, [63 Pac. 63], it was said: "The granting or denying a motion to set aside the default of the defendant is so largely a matter of discretion with the trial court that unless it is clearly made to appear that there has been an abuse of this discretion this court declines to set aside its order. Especially are we indisposed to review its action when it has set aside the default and it does not appear that the plaintiff has sustained any prejudice thereby. The discretion of the court is best exercised when it tends to bring about a judgment upon the merits of the controversy between the parties." (See, also, *Melde* v. *Reynolds,* 129 Cal. 308, [61 Pac. 932]; *O'Brien* v. *Leach,* 139 Cal. 220, [96 Am. St. Rep. 105, 72 Pac. 1004]; *Savings Bank* v. *Schell,* 142 Cal. 505, [76 Pac. 250].)

Error is never presumed, and the burden of showing an abuse of discretion on the part of the trial court is always. upon the appellant. As in the case of a finding of fact by that court, if there was any evidence before it which by reasonable construction will support its order its action will be upheld. If the facts presented to it are such that reasonable minds might reach different conclusions thereon, the appellate court will not disturb the conclusion reached by the trial court. The rule is the same whether the motion is granted or denied by the trial court. An examination of the cases cited by the appellants will show that in all of them the action of the trial court has been affirmed, with the exception of two or three cases, in which the default of the party was clearly attributable to pure neglect on his part and without any showing of an excuse.

The death of Pelegrinelli occurred in May, 1900, and in June of that year the defendant was informed by certain

attorneys of their purpose to institute an action against it in behalf of the present plaintiffs; and thereupon the defendant made preparation for the defense of such action by obtaining statements of those having knowledge of the facts connected with the death, and by procuring photographs of the locality. No action was brought at that time, but on February 6, 1902, other attorneys commenced the present action. At the hearing of the motion to set aside the default it was shown by affidavits presented on behalf of the defendant that at the time the action was commenced and for some time prior thereto the defendant held a policy of insurance with an insurance company, by the terms of which that company agreed to defend it against all actions of the character of the present one. The summons and complaint in this action were not served until February 10th, but on the morning of February 7th the president of the defendant saw a notice in a San Francisco newspaper that the action had been commenced, and he immediately sent for the agent of the insurance company and informed him thereof, and with him went over the case and the matters and facts connected with it and with the defense thereto; and the said agent then and there agreed with the president that the insurance company would appear in said action through its regular attorneys on behalf of the defendant and defend the same, and take entire charge of said defense. At the same time the president delivered to the said agent all of the aforesaid photographs and statements of witnesses. Nothing was said between them with reference to the summons or complaint in the action, or with reference to the service of the same, or when the insurance company would appear therein on behalf of the defendant; but the president states in his affidavit that he understood and believed, from the statement of the agent, that the insurance company would forthwith or within a few days thereafter enter an appearance in the action, or arrange with the attorneys for the plaintiffs with reference thereto, and would take all steps necessary or proper for its defense in said action; and that from that time until after he had learned that judgment had been rendered herein he believed that said company had appeared in the action or arranged for an appearance, and had done or were doing everything neces-

sary or proper for the defense of the company. The summons and complaint were served upon the secretary of the defendant, and were by him immediately delivered to the president, who placed them in a drawer in his office where they remained until after he learned of the entry of the judgment. He also states that he had no notice or knowledge that the defendant's default had been taken, or any trial of the action had, until after the judgment had been entered. The agent of the insurance company, in his affidavit, corroborates the affidavit of the president, except that he states that in the interview of February 7th he meant by his promise and agreement, and thought that the president understood and believed that he meant, that no appearance would be entered in the action or steps taken by the insurance company on behalf of the defendant until after the service of the summons and complaint and notice thereof was given to the insurance company; but he also stated that nothing was said between them with reference thereto.

An affidavit of merits was made on behalf of the defendant, and also an offer to file a verified answer forthwith and proceed at once to the trial of the action, and to comply with any order as to terms that the court might deem reasonable as a condition for setting aside the default and judgment.

It sufficiently appeared from these affidavits that the defendant had been advised and believed that it had a good and substantial defense to the plaintiff's action upon the merits, and that it had made preparations for such defense, and intended to defend the action, and for that purpose had secured the aid of the insurance company. We cannot say that it would have been an unreasonable inference by the trial court from the affidavits that upon the interview between the president of the defendant and the agent of the insurance company he honestly and in good faith understood and believed that that company would, without any further notice or request on his part, take all necessary steps for the defense of the action; and in support of the order appealed from it will be assumed here that that court did make such inference. It may be conceded that it would have been an act of prudence on his part, when he received the copy of the summons and complaint, to have delivered them to the insurance company; but if he had the right to believe and

did believe that the insurance company would enter its appearance and defend the action irrespective of any service of the summons, his failure to give the copies to it cannot be held to have been attributable to any carelessness or inattention.   Whatever omission there was must be regarded as an excusable neglect. "Section 473 of the Code of Civil Procedure is a remedial provision, and is to be liberally construed so as to dispose of all cases upon their substantial merits and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it." (*Nicoli* v. *Weldon,* 130 Cal. 666, [63 Pac. 63].)

The policy of insurance held by the defendant, which was introduced on behalf of the plaintiffs, in which there is a provision requiring the holder of the policy, whenever an action should be brought against it, to forward immediately to the office of the company the summons or other process as soon as the same should be served upon it, cannot be considered in determining whether there was negligence on the part of the defendant, inasmuch as this policy was not issued until after the default had been entered in this action.   The affidavit of one of the plaintiffs to the effect that at the time of the accident the defendant held another policy from the same company containing a similar provision, was not entitled to be considered by the court, for the reason that it purported to be only an affidavit that the affiant had been informed and believed that such was the case.   The code authorizes allegations of a pleader to be made upon information and belief; but an affidavit which is to be used as evidence must be positive and direct.   The action of the court is to be based upon facts which may be presented to it, and not upon the belief of the affiant.   (See *Gay* v. *Torrance,* 145 Cal. 144, [78 Pac. 540]; *Thompson* v. *Higginbottom,* 18 Kan. 42.)

The plaintiffs made no claim that they would suffer any loss or injury by reason of setting aside the default, nor did it appear that, upon an acceptance of the defendant's offer to have the case set down for trial at an early day, they would not be able to fully present their cause of action, or that they would be deprived of any right.   The terms imposed by the court must be deemed an ample compensation

for the inconvenience and delay incident upon being required
to try the case again.

The order is affirmed.

Cooper, J., and Hall, J., concurred.