[S. F. No. 9421. In Bank.—April 5, 1920.]

ANNA M. WAGNER, Petitioner, v. GOTTLIEB MEIN-ZER et al., Respondents.

[1] NEW TRIAL—OMISSION TO READ FINDINGS—IRREGULARITY IN PROCEEDINGS OF COURT—PRESENTATION BY AFFIDAVIT.—The signing of findings of fact and conclusions of law prepared by the attorney for the prevailing party without reading them constitutes an irregularity in the proceedings of the court under subdivision 1 of section 657 of the Code of Civil Procedure relating to new trials, to be shown by affidavit, and is not within the proper scope of a bill of exceptions to be used on an appeal from the judgment.

APPLICATION to insert statement in bill of exceptions of signing of findings without reading or personal knowledge of contents. Denied.

The facts are stated in the opinion of the court.

Fabius T. Finch and Paul F. Fratessa, for Petitioner.

THE COURT.—This is an unverified application under section 652, of the Code of Civil Procedure, the object being to obtain the insertion in a bill of exceptions to be used on an appeal from a judgment of a statement going to show that the trial judge, in the matter of signing the findings of fact and conclusions of law constituting the written decision required by law, left the matter of the *contents* of such findings entirely to the attorney for the prevailing party and signed the same without reading. We can hardly conceive that a trial judge would sign a decision on controverted facts without knowledge that the same expressed

exactly his conclusions thereon. [1] Certainly he could not properly do so, and we have no doubt that for him to do so would constitute an irregularity in the proceedings of the court under subdivision 1 of section 657 of the Code of Civil Procedure, relative to motions for new trial. Of course, the party is entitled to the decision of the *judge*. But we are satisfied that, upon the matters alleged, the claim of the applicant in this behalf could be urged only on motion for new trial on this ground, and only on affidavits setting forth the alleged facts. (Code Civ. Proc., sec. 658.) As said in *Woods* v. *Jensen*, 130 Cal. 205, [62 Pac. 474], "it is quite evident that this ground for a new trial is intended to refer to matters which an appellant cannot fully present by exceptions taken during the progress of the trial, and which therefore must appear by affidavit." It is just as true here as it was in *Gay* v. *Torrance*, 145 Cal. 144, [78 Pac. 540], that in the matter of the alleged departure from the due and orderly method of disposition of the action by which the substantial rights of a party have been materially affected, the "departure is not evidenced by a ruling or order that may be made the subject of an exception," and the attempted statement is not within the proper scope of a bill of exceptions.

The application is denied.

All the Justices concurred.