Filed 1/30/26  Yan v. Rhoads CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TINA YAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STEVEN RHOADS,<br><br>    Defendant and Respondent. | A170789<br><br>(Marin County<br>Super. Ct. No. CIV1800005) |

Against the background of several appellate proceedings arising out of an action by Charles Li to set aside allegedly fraudulent transfers of real property by Dennis Yan to Tina Yan[1] and a group of other transferees, Tina filed the present action for professional malpractice against attorney Steven Rhoads, alleging negligence in connection with her in an appeal of the judgment for Li.

In this appeal from a judgment against Tina in her professional negligence case against Rhoads, she contends the trial court erred in (1) resolving a bifurcated issue as to the remedies that were properly awardable in the fraudulent transfer case under the Uniform Voidable

_____

[1] Because Tina and Demas share the same last name, we refer to each by first name only.

1

Transactions Act (UVTA; Civ. Code,[2] § 3439 et seq.), and (2) denying her subsequent motion for a new trial.  We find no error and affirm.

## I. BACKGROUND

The procedural background here is complex and extensive, but since it provides important context for our analysis of the issues presented in this appeal, we begin by stepping through the full chronology.[3]

### A. *Professional Negligence Lawsuit*—Li v. Yan

This dispute traces back to a professional negligence action filed by Charles Li against Demas in 2010, involving Demas's representation of Li in lawsuits concerning property ownership rights.  After a bench trial in 2012, the trial court found Demas had engaged in the unauthorized practice of law and was liable to Li for professional negligence, breach of fiduciary duty, breach of contract, and fraud.  Division Two of this court affirmed the judgment against Demas.  (See *Li v. Yan* (2016) 247 Cal.App.4th 56, 59, 62.) A judgment was ultimately entered against Demas totaling $1,086,001.12.

### B. *Fraudulent Conveyance Lawsuit Under the UVTA*

Through efforts to enforce the judgment, Li learned that Demas had transferred certain residential property to a wholly owned limited liability company in 2007 and then, after trial commenced in the professional negligence action, Demas transferred his ownership interest in the LLC to relatives, purportedly to repay debts Demas owed.  After the LLC was

---

[2] Undesignated statutory references are to the Civil Code.

[3] We take our summary of the background facts largely from appellate decisions authored by our colleagues in Divisions Three and Five of this court—*Li v. Chiu* (May 31, 2018, A149849) [nonpub. opn.] (*Li v. Chiu I*); *Li v. Chiu* (Dec. 22, 2020, A156760) [nonpub. opn.] (*Li v. Chiu II*); and *Yan v. Hearst* (Sept. 1, 2021, A161732) [nonpub. opn.]—which we judicially notice on our own motion.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a); see *Berger v. Varum* (2019) 35 Cal.App.5th 1013, 1017, fn. 2.)

ordered to appear for a judgment debtor examination, the property was transferred yet again to a newly formed LLC.

In February 2014, after learning of the suspicious transactions involving the property, Li filed a complaint to set aside fraudulent transfers, alleging actual fraud (§ 3439.04, subd. (a)(1)) as well as constructive fraud (§§ 3439.04, subd. (a)(2), 3439.05). Li alleged the conveyances were made to prevent him from satisfying his judgment against Demas. Li named as defendants Demas, Tina and Cheuk Tin Yan (Demas's parents), Thai Ming Chiu and Kaman Liu (both brothers-in-law of Demas), and the two LLCs that had held title to the property.

Li took defaults against Demas and the two LLCs. A jury trial proceeded against Demas's parents and his brothers-in-law (the "transferee defendants"), and at the same time a bench trial was conducted on the transferee defendants' equitable title affirmative defense. Demas testified he had not paid any of Li's judgment. In 2012 he transferred his ownership in the first LLC (holding title to the property) as follows: 68.43 percent to his mother, Tina; 25.83 percent to Chiu; and 5.74 percent to Liu. After Demas failed to appear for a debtor's exam as an agent for the LLC, the property was again transferred to a new LLC owned by the transferee defendants in the same percentages. At about the same time, the property was publicly offered for sale at the price of $1,925,000.

The jury returned special verdicts against all the defendants, finding each liable for actual and constructive fraud. The jury also found that Tina did not take her interest in the property in good faith or for reasonably equivalent value. The trial court denied the transferee defendants' request for equitable relief.

3

In June 2016, the trial court entered default judgments against Demas and the two LLCs and, consistent with the special verdicts returned by the jury, entered judgment against each of the transferee defendants in the following amounts: $824,180.57 jointly against Demas's parents, Tina and Cheuk Tin (who is now deceased); $324,167.58 against Chiu; and $72,037.24 against Liu. The judgment also declared Demas to be the sole owner of all legal and equitable interest in the property. In addition, the trial court granted Li's request for attorney fees and entered a first amended judgment that incorporated an award of attorney fees of $802,059.50 and costs of $11,527.19.

## C. *The Transferee Defendants' Appeal of the First Amended Judgment in the Fraudulent Transfer Action*

According to Tina's allegations in her present action against Rhoads (reiterated in part in the parties' appellate briefs in this appeal), Tina retained attorney Rhoads in late 2016 "on a motion for new trial in anticipation of an appeal" of the judgment in the fraudulent transfer action. In about January 2017 (apparently before the filing of any appellate briefs), Rhoads withdrew as counsel because he concluded the appeal was meritless.

Tina and the other transferee defendants then retained attorney Joseph Hearst in January or February 2017 as counsel. In their appeal from the first amended judgment in the fraudulent transfer action (*Li v. Chiu I*, *supra*, A149849), Hearst represented the transferee defendants. They raised two issues on appeal: (1) that the trial court erred in granting Li's motions in limine preventing them from presenting certain evidence; and (2) that it was error to award attorney fees against the transferee defendants because they were not parties to the earlier action between Li and Demas and cannot be liable for attorney fees incurred to enforce the judgment in that earlier action. (*Li v. Chiu I*, *supra*, A149849.)

4

Our colleagues in Division Three found in favor of the transferee defendants on the second issue only. Noting that there had been no finding that the transferee defendants conspired with Demas to engage in the fraudulent transfers for the purpose of evading Li's enforcement of his judgment, Division Three concluded there was no basis to impose an attorney fee award against anyone other than Demas. The trial court was directed to enter a new amended judgment providing that the fees award was imposed solely against Demas. The judgment was otherwise affirmed. (*Li v. Chiu I*, *supra*, A149849.)

## D. *The Second Amended Judgment in the Fraudulent Transfer Action and the Transferees' Appeal*

On remand, the trial court entered the second amended judgment in November 2018. In accordance with the appellate decision in *Li v. Chiu I*, the trial court modified the judgment to state the attorney fees award may be recovered only against Demas. The second amended judgment also provides:

"A. Judgment of $824,180.57 is hereby entered jointly against Cheuk Tin Yan and Tina Yan.

"B. Judgment of $324,167.58 is hereby entered against Thai Ming Chiu.

"C. Judgment of $72,037.24 is hereby entered against KaMan Liu. [¶] . . . [¶]

"E. Default judgment is hereby entered against defendants Demas Yan and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue, LLC . . . is fraudulent, void, *and hereby set aside to the extent necessary to satisfy plaintiff's judgment* against defendant Demas Yan in *Charles Li v. Demas Yan*, San Francisco Superior Court No. CGC-10-497990 . . . ('Underlying Judgment') . . . .

5

"F. The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably equivalent value; and *is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment* along with the costs and attorneys' fees specified in this Judgment;

"G. Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from 547 23rd Avenue, LLC to defendant 547 Investments LLC . . . is fraudulent, void, and *hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment* along with the costs and attorneys' fees specified in this Judgment.

"H. For the purpose of satisfying plaintiff's Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property. *Plaintiff may execute or foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.*

"I. Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant *provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment.*" (Italics added.)

The transferee defendants then filed a motion to set aside and/or modify the second amended judgment, arguing it is void because it grants Li a double recovery. The trial court denied the motion.

6

In their appeal from the trial court's order denying their motion (*Li v. Chiu II*, *supra*, A156760), the transferee defendants argued the second amended judgment was void because, in both setting aside the fraudulent transfers *and* awarding a money judgment, it granted relief beyond that authorized by the UVTA. Our colleagues in Division Three affirmed the order denying the motion to set aside the judgment, concluding that the transferee defendants forfeited their " 'dual remed[ies]' " argument by failing to raise it in *Li v. Chiu I*, that the judgment was not void, and that the appellants failed to provide an adequate record for review. (*Li v. Chiu II*, *supra*, A156760.) Although the *Li v. Chiu II* court did not need to reach the merits of the transferee defendants' double recovery argument (because it had been forfeited), the court noted the argument was not supported by the record or by the UVTA. (*Ibid.*)

**E.** ***The Professional Negligence Action Against Hearst and the Subsequent Appeal***

In the meantime, Tina and Chiu had filed a complaint for professional negligence against Hearst, the attorney who represented them in the *Li v. Chiu I* appeal. They alleged Hearst had negligently failed to press their "double recovery" argument—that the trial court exceeded its jurisdiction under the UVTA by entering a money judgment and setting aside the fraudulent transactions. Tina and Chiu argued that, if Hearst had raised the argument, the transferee defendants would have obtained a more favorable result in the *Li v. Chiu I* appeal.

Hearst filed a motion for judgment on the pleadings, which the trial court granted without leave to amend. The trial court entered judgment in Hearst's favor.

In Tina's and Chiu's appeal from that judgment (*Yan v. Hearst, supra,* A161732), our colleagues in Division Five affirmed. In a September 2021

opinion, Division Five concluded the remedies imposed in the fraudulent transfer case did not exceed those authorized by the UVTA. Accordingly, Hearst was not negligent for failing to press the "double recovery" argument.

## F. *The Present Action Against Rhoads for Professional Negligence*

Tina also filed in 2018 a professional negligence action against Rhoads, the attorney who briefly represented the transferee defendants in preparation for the *Li v. Chiu I* appeal, before he withdrew and was replaced by Hearst. Tina alleged Rhoads negligently failed to pursue the argument that the trial court in the fraudulent transfer action lacked authority to enter a money judgment and set aside the fraudulent transactions.

In October 2023, when the case came on for a bench trial,[4] the parties stipulated to bifurcate for the trial court's decision the question whether the remedies awarded in the fraudulent transfer action (*Li v. Yan*) were "within the trial court's discretion under the UVTA."[5] After receiving briefing and hearing argument, the trial court issued a "final ruling and order" finding in favor of Rhoads and concluding "the remedies of setting aside of transfers and the awarding of money damages, limited by an aggregate recovery that could not exceed the underlying judgment, were warranted and such relief did not

---

[4] The parties state in their appellate briefs that, before trial, Rhoads moved for summary judgment on the ground the appellate decision in *Yan v. Hearst*, *supra*, A161732, had issue preclusive effect, but the trial court denied the motion. That motion and the court's ruling are not in the appellate record.

[5] The stipulation defined the issue as follows: "Under the circumstances of the *Li v. Yan*, CGC-14-537574, ('*Li v. Yan*') as described in any or all of the applicable Court of Appeal decisions (A156760, A158050, A161732, A163866, A158641, A164796 & A165373, parties agree these are proper as requests for judicial notice) was the trial court remedy in *Li v. Yan* setting aside transfers and awarding money judgments against the transferees within the trial court's discretion under the UVTA."

8

exceed the authority of the [UVTA]." The court entered judgment for Rhoads. Tina then filed a motion for a new trial, which the court denied.

Tina appealed the judgment in Rhoads's favor and the order denying her motion for a new trial.

## II. DISCUSSION

### A. *The Trial Court's Ruling as to UVTA Remedies*

Tina contends the trial court in the present case erred when it concluded that the remedies awarded by the trial court in the fraudulent transfer action—setting aside the transfers and awarding monetary judgments against the transferees—were within that court's discretion under the UVTA. We find no error.

Among other remedies, the UVTA allows a creditor to void a transfer of property to the extent necessary to satisfy the creditor's claim, to obtain "[a]n attachment or other provisional remedy against the asset transferred," and "[s]ubject to applicable principles of equity and in accordance with applicable rules of civil procedure . . . [¶] . . . [¶] [to obtain a]ny other relief the circumstances may require." (§ 3439.07, subd. (a)(1)–(2), (3)(C).) In addition, to the extent a transfer is avoidable, "the creditor may recover judgment for the value of the asset transferred, [subject to adjustment as equity requires], or the amount necessary to satisfy the creditor's claim, whichever is less." (§ 3439.08, subd. (b)(1).)[6] Such a judgment may be entered against the "first

---

[6] Section 3439.08, subdivision (b) provides in relevant part: "To the extent a transfer is avoidable in an action by a creditor under paragraph (1) of subdivision (a) of Section 3439.07, the following rules apply: [¶] (1) Except as otherwise provided in this section, the creditor may recover judgment for the value of the asset transferred, as adjusted under subdivision (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the following: [¶] (A) The first transferee of the asset or the person for whose benefit the transfer was made. [¶] (B) An

9

transferee of the asset or the person for whose benefit the transfer was made" and any subsequent transferee other than "[a] good faith transferee that took for value" and her subsequent transferee. (§ 3439.08, subd. (b)(1)–(2).)

Both of these conditions for entry of a money judgment were met here, as the trial court in the present case correctly recognized. In its order denying Tina's motion for a new trial, the trial court noted that (1) the second amended judgment in the fraudulent transfer action adjudged that Demas's transfer of his membership interests in 547 23rd Avenue, LLC to Tina and others was voidable under the UVTA, and (2) Tina was a " 'first transferee' " of a membership interest. The trial court concluded: "That is all Section 3439.08 requires for a money judgment against her to be valid." We agree those are the only conditions set by the statute.[7] In addition to setting aside the fraudulent transfers, the trial court in the UVTA action had discretion to enter a money judgment against Tina. (See §§ 3439.07, subd. (a), 3439.08, subd. (b)(1)(A); see also *Filip v. Bucurenciu* (2005) 129 Cal.App.4th 825, 839–840 [trial court "acted well within its discretion" by

---

immediate or mediate transferee of the first transferee, other than either of the following: [¶] (i) A good faith transferee that took for value. [¶] (ii) An immediate or mediate good faith transferee of a person described in clause (i)."

[7] Tina argues a different provision of the UVTA—the "catchall" remedy provision in section 3439.07, subdivision (a)(3)(C) (allowing "[a]ny other relief the circumstances may require")—does not authorize the money judgment against her, because that provision appears in a list of equitable remedies (including injunctive relief and receivership) and thus should be read to authorize only other remedies of that type. (See § 3439.07, subd. (a)(3)(A)–(C).) We need not consider whether the catchall provision, on its own, would authorize entry of a money judgment against a transferee. We hold the judgment against Tina was authorized by section 3439.08, subdivision (b)(1), which addresses money judgments.

setting aside fraudulent transfers and entering money judgment against transferee defendants].)[8]

Tina contends, however, that additional preconditions (not stated in the text of § 3439.08) must be satisfied before a money judgment can be entered against a transferee in an action under the UVTA. Specifically, she argues a money judgment may only be entered if the transferred asset is unavailable or the transferee conspired with the debtor. We disagree. The text of the UVTA does not incorporate a common law rule to this effect. (Compare § 3439.08, subd. (b)(1)–(2) and *Filip v. Bucurenciu, supra,* 129 Cal.App.4th at pp. 839–840 with *Hy-Lo Unit & Metal Products Co. v. Ryon* (1937) 21 Cal.App.2d 38, 43.)[9] Even if the Legislature had incorporated such common law rules,[10] Tina has not demonstrated *neither* exception applies. (See

---

[8] Tina incorrectly asserts the *Filip* court found money judgments against the transferees were appropriate only because there was a finding they engaged in a conspiracy, and Tina purports to quote language on that point that does not appear in the *Filip* opinion.

[9] A creditor, of course, is not automatically entitled to a money judgment against a transferee. (See *Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1237 (*Renda*).) The authority granted is discretionary. The statute provides that to the extent a transfer is voidable, "the creditor *may* recover judgment" for the lesser of the value of the asset or the amount needed to satisfy the creditor's claim, and the "judgment *may* be entered" against the first transferee of the asset. (§ 3439.08, subd. (b)(1), italics added; *Renda,* at p. 1237 [this language provides the court with discretionary authority].) And in exercising its discretion, a court is to consider "the principles of law and equity," which "supplement [the UVTA's] provisions." (§ 3439.12; see *Renda,* at p. 1237.) But for the reasons discussed in the text, we reject Tina's assertion that the court here lacked authority to enter a money judgment or abused its discretion by doing so.

[10] The authorities cited by Tina on this point do not persuade us to construe the UVTA as incorporating strict prerequisites to a money judgment beyond those stated in the statutory text. (See, e.g., *Miller v. Kaiser* (1967)

11

*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 [appellant must affirmatively show error by adequate record].)

A court's remedial discretion may be limited by the equitable principle that a creditor cannot obtain a double recovery for the same harm. (See *Renda, supra,* 223 Cal.App.4th at p. 1237; *id.* at p. 1238 ["A 'defrauded creditor is not entitled to an enhancement of position beyond what it was before the fraud.' "].) In *Renda*, a judgment creditor (Renda) had obtained a money judgment in a prior action but had difficulty collecting because the debtor (Nevarez) transferred assets to sham entities. (*Id.* at p. 1234.) Renda then brought a second action under the Uniform Fraudulent Transfer Act (UFTA) (the predecessor to the UVTA)[11] against Nevarez, the sham entities, and other defendants. (*Renda*, at p. 1234.) Renda sought to set aside the transfers and obtain money damages. (*Ibid.*)

---

164 Colo. 206 [433 P.2d 772, 775–776] [stating "general rule" that personal judgment against transferee is not available if asset has not been depreciated by action of the transferee; finding exception applied as to one of the assets involved, allowing entry of money judgment against transferee]; *Bakwin v. Mardirosian* (2014) 467 Mass. 631 [6 N.E.3d 1078, 1084–1085, 1093–1094] [stating UFTA remedies are discretionary, and some jurisdictions have held a money judgment against a transferee generally is appropriate only when transferee has disposed of the asset; trial court's decision not to impose money judgment against one transferee was a reasonable exercise of discretion, but trial court erred by declining to enter money judgment against a different transferee]; *Porenta v. Porenta* (2017) 2017 UT 78, ¶ 45 [416 P.3d 487, 501–502] [rejecting argument that trial court was *required* to award damages rather than voiding the transfer at issue]; 16A Cal.Jur.3d (2025), Creditors' Rights and Remedies, § 401 [citing pre-UVTA cases for proposition that a creditor ordinarily is not entitled to a money judgment against a transferee].)

[11] "In 2015, the former Uniform Fraudulent Transfer Act (UFTA) was renamed as the UVTA. (Stats. 2015, ch. 44, § 3.)" (*Berger v. Varum, supra,* 35 Cal.App.5th at p. 1019, fn. 3.)

The trial court in the UFTA action in *Renda* (1) voided the transfers, and (2) awarded money damages against certain defaulting defendants as transferees. (*Renda, supra,* 223 Cal.App.4th at pp. 1234, 1235.) The court refused, however, to award money damages against *the debtor* (Nevarez) because they would duplicate damages that the creditor had been awarded in the first action. (*Id.* at p. 1234.) The creditor appealed, arguing that, under the UFTA, he was entitled to a money judgment against Nevarez as " 'the person for whose benefit the transfer was made.' " (*Renda*, at p. 1235, citing former § 3439.08, subd. (b)(1).)[12] The appellate court rejected this argument and affirmed the trial court's ruling, concluding a creditor cannot recover duplicative judgments against the debtor. (*Id.* at pp. 1236–1238.)[13]

This case does not involve duplicative judgments by a creditor against a debtor. Li did not have a preexisting judgment against Tina. In addition, the trial court in the UVTA action ensured that Li would not be unjustly enriched by providing that Li's "aggregate recovery shall not exceed [his] Underlying judgment." The second amended judgment in the UVTA case just gave Li

---

[12] Former section 3439.08, subdivision (b)(1) in the UFTA (like the current version of that provision in the UVTA) provided that, to the extent a transfer is avoidable, a creditor may recover a money judgment, which may be entered against " '[t]he first transferee of the asset or the person for whose benefit the transfer was made.' " (*Renda, supra,* 223 Cal.App.4th at p. 1235, quoting former § 3439.08, subd. (b)(1); see § 3439.08, subd. (b)(1)(A).)

[13] In describing the relief the trial court there *had* granted, the appellate court in *Renda* noted that, "as authorized" by the applicable provisions of the UFTA (which are substantively the same as the corresponding provisions of the UVTA) the trial court had set aside the transfers and entered money judgments against *the transferees*. (*Renda, supra,* 223 Cal.App.4th at p. 1235, citing former §§ 3439.07, subd. (a)(1) and 3439.08, subd. (b)(1); see §§ 3439.07, subd. (a)(1), 3439.08, subd. (b)(1).) *Renda* did not suggest it was improper for the court to award these two forms of relief.

alternative means to recover no more than the amount of his underlying judgment.

For these reasons, we conclude that the trial court in the present case (in ruling on the bifurcated issue submitted to it) correctly ruled the remedies in the second amended judgment in the fraudulent transfer action "did not exceed the authority" of the UVTA. Rhoads was not negligent in failing to press the "double recovery" argument during his brief representation of Tina. The court correctly entered judgment for Rhoads.

## B. *The Order Denying Tina's New Trial Motion*

Tina contends the trial court erred by denying her motion for a new trial. Specifically, Tina asserts a new trial was appropriate on four grounds—(1) there was an "[i]rregularity in the proceedings of the court" (Code Civ. Proc., § 657, subd. (1)), (2) "[i]nsufficiency of the evidence" (*id.*, subd. (6)), (3) the court's decision was "against law" (*ibid.*), and (4) there was an "[e]rror in law" (*id.*, subd. (7)).[14] The trial court did not err in rejecting these arguments.

---

[14] Code of Civil Procedure section 657 states in relevant part: "The verdict may be vacated and any other decision may be modified or vacated, in whole or in part, and a new or further trial granted on all or part of the issues, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: [¶] 1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. [¶] . . . [¶] 6. Insufficiency of the evidence to justify the verdict or other decision, or the verdict or other decision is against law. [¶] 7. Error in law, occurring at the trial and excepted to by the party making the application."

14

## 1. Irregularity in the Proceedings (Code Civ. Proc., § 657, subd. (1))

The statutory phrase "[i]rregularity in the proceedings of the court" (Code Civ. Proc., § 657, subd. (1)) refers to conduct of the court other than orders and rulings. (*Gay v. Torrance* (1904) 145 Cal. 144, 149–150; Fairbank et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2025) ¶ 18:133.) This ground for a new trial applies where the court "depart[s] . . . from the due and orderly method of disposition of an action" in a manner that materially affects a party's substantial rights. (*Gay,* at p. 149.) The statutory language "is intended to refer to matters which appellant cannot fully present by exceptions taken during the progress of the trial, and which must therefore appear by affidavits." (*Ibid.*; see *Montoya v. Barragan* (2013) 220 Cal.App.4th 1215, 1229–1230 [affirming grant of new trial where trial court polled jury instead of obtaining a written verdict].)

As to a supposed irregularity in the proceedings here, Tina asserts the trial court was incorrect in concluding that its ruling on the bifurcated issue as to UVTA remedies was determinative of the present action. The court, she suggests, should have proceeded to take evidence as to whether, in the fraudulent transfer action, avoidance of the challenged transfers was "not available as a remedy" before determining a money judgment could be entered against her as transferee.

There is no basis for reversal. Even assuming Tina adequately raised this ground in her new trial motion (and we note the trial court found her argument on the point to be cryptic and undeveloped), she has not shown there was any irregularity justifying a new trial. As noted, the parties in the present case stipulated that the trial court would decide (based on "the circumstances" of the underlying litigation as described in the relevant appellate opinions) whether the remedies awarded by the trial court in the

15

fraudulent transfer action were "within [that] trial court's discretion under the UVTA." We reject Tina's attempt to switch gears and argue that the trial court in the present matter should instead have resolved that question in a different manner or based on a different body of evidence.

Even absent the parties' stipulation as to the procedure to be followed, Tina is incorrect that the taking of additional evidence was warranted. Tina's claim of irregularity (i.e., her assertion that additional elements needed to be litigated) is ultimately an assertion that the trial court in the present case was incorrect on the merits of the question the parties agreed to submit to it. The trial court here held (and as discussed above, we agree) that sections 3439.07, subdivision (a) and 3439.08, subdivision (b)(1) authorized the trial court in the fraudulent transfer action to enter the second amended judgment, in which it set aside the challenged transfers and imposed a money judgment against Tina as transferee, with the specifications that (1) any recovery by Li from Tina would not exceed the amount of the judgment entered against her, and (2) Li's total recovery would not exceed the amount of Li's underlying judgment against Demas. The availability of this relief did not depend on proof of additional preconditions not stated in the statutory text.

## 2. Insufficiency of the Evidence (Code Civ. Proc., § 657, subd. (6))

Tina asserts the evidence presented in the UVTA action was insufficient to support a money judgment against her, because the statement of decision in that case does not include a finding that Tina participated in the conveyance with fraudulent intent or that the transferred property is not available to satisfy Li's underlying judgment. We reject this argument. First, as the trial court noted, Tina does not articulate a claim that there is insufficient evidence to support the judgment *in the present case*, which was

16

entered after the trial court ruled on a bifurcated legal issue pursuant to the parties' stipulation. But even if Tina were correct to focus on the evidence *in the UVTA action*, we have rejected her contention that proof of additional prerequisites was necessary before the trial court in that action could enter a money judgment.

### 3. Decision "Against Law" (Code Civ. Proc., § 657, subd. (6))

"The 'against law' ground differs from the 'insufficiency of the evidence' ground . . . in that there is *no weighing of evidence* or determining credibility, etc. I.e., the 'against law' ground applies only when the evidence is *without conflict in any material point* and insufficient as a matter of law to support the verdict." (Fairbank et al., Cal. Practice Guide: Civil Trials and Evidence, *supra*, ¶ 18:180.) Tina's argument on this ground fails for the same reasons as her claim of insufficiency of the evidence. She has articulated no argument as to a supposed lack of evidence supporting the judgment in the present case. And as to the UVTA action, we do not agree proof of nonstatutory preconditions was required.

### 4. Error in Law (Code Civ. Proc., § 657, subd. (7))

Tina's claim of legal error as a ground for new trial is a reiteration of her contention that the trial court erred in its ruling as to the available remedies under the UVTA (see pt. II.A, *ante*). We reject Tina's argument for the reasons we have discussed above.

### C. *Rhoads's Request for Attorney Fees*

In his appellate brief, Rhoads asks this court to award attorney fees, and although he does not expressly describe his request as one for "sanctions," he argues fees are appropriate because Tina's action is "meritless" and her appeal is "motivated by bad faith." Rhoads does not identify a non-sanctions ground for an award of attorney fees. We decline to consider awarding sanctions, as Rhoads's request was presented in his brief

17

and not by a motion with a supporting declaration.  (Cal. Rules of Court, rule 8.276(b)(1); *FEI Enterprises, Inc. v. Yoon* (2011) 194 Cal.App.4th 790, 807.)

### III. DISPOSITION

The judgment and the order denying a new trial are affirmed.  Rhoads shall recover his costs on appeal.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
MOORMAN, J.*

---

\* Judge of the Mendocino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.